UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK


HICHAM AZKOUR,

       Plaintiff,

                                            **Civil Action No. 10 CV 4132 (RJS) (KNF**

v.

                                            **LITTLE REST TWELVE INC.**
                                            **MEMORANDUM OF LAW**
                                            **RESPONSE TO PLAINTIFF'S**
                                            **MOTION FOR SUMMARY**
                                            **JUDGMENT**


LITTLE REST TWELVE, INC. et.al


       Defendants.


MEMORANDUM OF LAW


Summary judgment is appropriate only if evidentiary facts submitted by the plaintiff demonstrate, by a

preponderance of the evidence that "there there is no genuine issue as to any material fact and that|

{plaintiff is} entitled to a judgment as a matter of law." Fed. R. Civ. 56(c)(2); Bronx Household of

Faith v. Board of Educ. of City of N.Y., 492 F.3d.89,96 (2nd Cir.2007); see also 10A Wright,Miller &

Kane, Fed. Prac. & Proc. Civ. Sect. 2728 (3d ed.)


The burden does not shift to defendant to present countervailing evidence under Rule 56 (e) unless

plaintiff's proofs meet this standard. 10A Wright, Miller & Kane, Fed. Prac. & Proc. Civ. Sect. 2727,

10B Fed. Prac. & Proc. Sect 2739.


Unless plaintiff meets this burden, summary judgment should be denied, even if no opposing

evidentiary matter is presented. Adickes v. S.H. Kress & Co.. 398 US 144, 159-160 (quoting Advisory

Committee Note to 1963 Amendment to subdivision (e) of Rule 56 ("Where the evidentiary matter in

support of the motion does not establish the absence of a genuine issue, summary judgment must be

denied even if no opposing evidentiary matter is presented")

In determining whether there exists a material question of fact, evidence is not weighed or

evaluated, but is viewed in the light most favorable to the party opposing summary judgment", drawing

all reasonable inferences in favor" of that party, and "eschew {ing} credibility assessments". Amnesty

Am. v. Town of west Hartford, 361 F.3d 113, 122 (2nd Cir. 2004) (internal citations omitted).

Even if plaintiff meets his initial burden, the Court has the discretion to deny summary

judgment if resolution of a factual issue requires evaluation of witness credibility or demeanor.

Advisory Committee Note to 1963 Amendment; see also 10B Wright,Miller & Kane, Fed. Prac. &

Proc. Civ. Sect. 2739 n. 25 and accompanying text and 10 A. Fed. Prac. & Proc. Civ. Sect. 2726 nn.2-3

and accompanying text where party is unable to present countervailing evidence without discovery,

10 B Wright,Miller & Kane, Fed. Prac. & Proc. Civ. Sect. 2739 nn. 26-27  and accompanying text

where "movant's evidence, although admissible and relevant, is too scanty to justify rendering

judgment in the movant's favor in a complicated factual situation," Id. at n. 30 and accompanying text,

and where motive, intent, or subjective feelings are in issue. Id.at n.31 and accompanying text.

CONCLUSION

Based upon the foregoing the plaintiff's motion for summary judgment should be denied, particularly in

light of the fact that the motive, intention, and credibility of the plaintiff and plaintiff's affiants are

critical to a determination of the genuine issues of material fact.

Dated: September 6, 2011
        New York, New York

*S. Skip Taylor*

_____
S. Skip Taylor
Attorney for LR12
1521 Alton Road #661
Miami Beach, Florida 33139
305.321.1455