UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HICHAM AZKOUR,

                                Plaintiff,

-v-

LITTLE REST TWELVE, INC., *et al.*,

                               Defendants.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/27/2012
```

No. 10 Civ. 4132 (RJS) (KNF)
ORDER ADOPTING REPORT AND
RECOMMENDATION

RICHARD J. SULLIVAN, District Judge:

In this suit under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), § 190 *et seq.*, Plaintiff Hicham Azkour alleges that Defendants Little Rest Twelve, Inc., Nina Zajic, David Kay, and Abderrahmane a/k/a Peter Eljastimi, failed to pay him minimum wage, compensate him properly for overtime, and pay spread-of-hours pay, and also that Defendants retaliated against him. Additionally, Plaintiff alleges that Defendants were unjustly enriched at his expense. Before the Court are the Report and Recommendation of the Honorable Kevin Nathaniel Fox, Magistrate Judge, dated February 7, 2012 (the "Report"), recommending that Plaintiff's motion for partial summary judgment be granted. For the reasons that follow, the Court adopts the Report in its entirety.

## I. PROCEDURAL HISTORY

Plaintiff initiated this action on May 19, 2010. By Order dated September 14, 2010, the Court referred this action to Judge Fox for general pretrial supervision and settlement discussions, and on September 23, 2010, the Court issued an Order also referring this case to Judge Fox for resolution of nondispositive and dispositive motions. (Doc. Nos. 23, 29.) On

April 5, 2011, Plaintiff filed an Amended Complaint. On August 24, 2011, Plaintiff filed a motion for partial summary judgment as to liability for his claims for overtime compensation, minimum wage, spread-of-hours compensation, and retaliation. (Doc. No. 73.) The motion was fully submitted as of September 21, 2011.

On February 7, 2012, Judge Fox issued the Report, in which he recommends that Plaintiff's motion for partial summary judgment be granted as to his: (1) FLSA and NYLL minimum wage and overtime compensation claims; (2) NYLL spread-of-hours claim; (3) retaliation claims; and (4) liquidated damages claims. On February 9, 2012, the Court granted Defendant's request for an extension of time in which to file objections. Defendant filed its objection on March 2, 2012.[1] On March 16, 2012, Plaintiff filed his response to Defendant's objection.[2]

## II. LEGAL STANDARD

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may accept those portions of a magistrate's report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). To the extent

---

[1] Defendant Little Rest Twelve, Inc. is the only defendant that has appeared in this action, and accordingly is the only defendant that has filed objections. It is not clear based on the record before the Court whether the other defendants were properly served with the Amended Complaint, or whether they have defaulted; accordingly, the Court makes no determination at this time as to whether they are likewise liable. As stated below, this action will remain referred to Judge Fox for further proceedings.

[2] The Court is also in receipt of a *pro se* submission from Plaintiff, bearing the docket number of another pending action, *Hicham Azkour v. Jean-Yves Haouzi, et al.*, No. 11 Civ. 5780 (RJS) (KNF), but containing responses to Defendants' objections in this case. By Order dated March 12, 2012, the Court announced that, because Plaintiff is represented by counsel in this action, it would not consider Plaintiff's *pro se* submission. Accordingly, the Court considers only the response filed by Plaintiff's counsel, dated March 16, 2012.

that a party makes specific objections to a magistrate's findings, the court must undertake a *de novo* review of the defendant's objections. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). However, where objections are "conclusory or general," or where the defendant "simply reiterates his original arguments," the report should be reviewed only for clear error. *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting *Barratt v. Joie,* No. 96 Civ. 0324 (LTS) (THK), 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); *accord Cartagena v. Connelly*, No. 06 Civ. 2047 (LTS) (GWG), 2008 WL 2169659, at *1 (S.D.N.Y. May 23, 2008).

### III. DISCUSSION

Defendant does not object to Judge Fox's conclusion that, based on the evidence before him, Plaintiff was entitled to partial summary judgment as to liability. (*See, e.g.*, Obj. 5 ("Magistrate Judge Fox's Report correctly notes that where an employer fails to keep accurate records of an employee's hours worked, a plaintiff may satisfy their burden of proving inadequate compensation by anecdotal means.").) Nor does Defendant appear to object to Judge Fox's conclusion that many of Defendant's submissions in connection with its opposition to Plaintiff's motion constituted inadmissible hearsay or were otherwise inadmissible. Instead, Defendant's only objection to the Report is that the Court should now consider new evidence in opposition to Plaintiff's motion. (*Id.* at 3-4.) Specifically, Defendant submits: (1) time reports from the system that Defendant uses to track employee hours, called ALOHA, which Defendant previously submitted without authentication and Judge Fox deemed inadmissible hearsay (Report 5 n.1); and (2) "ADP payroll records," which Defendant did not submit to Judge Fox. Both are appended to an affidavit from Defendant's employee Jessica Comperiati that seeks to properly authenticate these submissions. (Aff. of Jessica Comperiati, dated Mar. 2, 2012, Doc. No. 95.)

Defendant argues that its previous failure to properly submit these records "was not motivated by an attempt at tactical advantage, but rather the result of prior counsel's lack of familiarity with employment matters." (Obj. 2.) Additionally, Defendant notes that these records were produced to Plaintiff during discovery, and that Plaintiff had the opportunity to question witnesses about the materials in depositions. (*Id.* at 4.)

Upon receipt of a report and recommendation, "[t]he judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). However, "[c]onsiderations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration, and [the Second Circuit has] upheld the exercise of the district court's discretion in refusing to allow supplementation of the record upon the district court's *de novo* review." *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998) (citing *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) and *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40 n.3 (2d Cir. 1990)); *cf. Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988) (affirming district court's refusal to entertain claims not put before the magistrate in part because "[s]ystemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round"). Thus, "[c]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation" absent a compelling justification for failure to present such evidence to the magistrate judge. *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (internal citations omitted); *see also Feehan v. Feehan*, No. 09 Civ. 7016 (DAB), 2010 WL 3734079, at *2 (S.D.N.Y. Sept. 22, 2010) ("[I]t is inappropriate for the Court to consider new evidence upon

4

review of a Magistrate's Report and Recommendation, when Parties had an opportunity fully to brief their Cross–Motions before the Magistrate."); *U.S. Fidelity & Guar. Co. v. J. United Elec. Contracting Corp.*, 62 F. Supp. 2d 915, 917 (E.D.N.Y. 1999) (declining to consider evidence not submitted to the magistrate judge, finding that counsel's excuse that he "was overwhelmed by a number of legal proceedings" was insufficient justification to revisit magistrate judge's findings or remand for further findings).

Defendant relies on the Second Circuit's decision in *Hynes v. Squillace*, in which the court determined that the district court did not abuse its discretion in accepting evidence that had not been put before the magistrate judge where "[t]he defendants plausibly asserted that they originally construed all of plaintiff's causes of action" to be governed by a single legal theory, and thus did not submit evidence relating to the separate theory that formed the basis of the magistrate judge's recommendations. *Hynes*, 143 F.3d at 656-57. Defendant argues by way of justification that prior counsel was not well-versed in employment matters; however, even if this were sufficient justification, counsel's errors were fundamental *litigation* errors based on an apparent misapprehension of Rule 56 of the Federal Rules of Civil Procedure and the Federal Rules of Evidence rather than technical issues relating to wage and hour litigation. Additionally, as a general matter, parties in civil matters are responsible for the errors made by their counsel. *See, e.g.*, *Counter Terrorist Grp. U.S. v. N.Y. Magazine*, 374 F. App'x 233, 235 (2d Cir. 2010) (ruling that attorney error is not "good cause" for extension under Rule 4(m)). "[O]ur system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent," militates in favor of holding Defendant responsible for the errors of its counsel in this case rather than giving it a second chance at litigating Plaintiff's motion. *Link v. Wabash R.R.*, 370 U.S. 626, 633-34 (1962); *accord Hoodho v. Holder*, 558 F.3d 184, 192 (2d Cir. 2009).

Moreover, the importance of the records, and the deficiencies in Defendant's initial briefing, should have come as no surprise. The admissibility of the ALOHA records was not raised *sua sponte* by Judge Fox. Indeed, Plaintiff explicitly challenged the validity of Defendant's submissions in his Reply Memorandum on September 21, 2011. (Pl.'s Reply Mem., Doc. No. 85, at 1-5.) New defense counsel was substituted on December 8, 2011 (Doc. No. 88), and the Report was issued on February 7, 2012. There is no indication that Defendant sought to correct prior defense counsel's errors, which should have been apparent to new counsel, in the nearly two-month span in which such correction could have been appropriate. Although the Court sees no reason to doubt Defendant's assertion that the delay in properly submitting this evidence was due to error and not gamesmanship, this case is far afield from one like *Hynes*, in which the defendants had no reason to anticipate the theory on which the magistrate judge based his recommendation. Because Defendant has not provided sufficient justification for the Court to consider evidence that was not properly raised before Judge Fox, and potentially overturn his careful findings, the Court declines to consider Defendant's new submissions.

## IV. CONCLUSION

As noted above, Defendant's only objection to the Report is its request that the Court exercise its discretion to consider additional evidence not properly submitted to Judge Fox. Having declined to do so, the Court reviews the substance of the Report for clear error. Upon reviewing the record, the Court finds that Judge Fox's careful and well-reasoned Report is not facially erroneous. Accordingly, the Court adopts the Report in its entirety, and, for the reasons set forth therein, grants Plaintiff's motion for summary judgment as to his FLSA and NYLL minimum wage and overtime claims, NYLL spread-of-hours claim, FLSA and NYLL retaliation claims, and liquidated damages claims. The Clerk of the Court is respectfully directed to

terminate the motion located at Doc. No. 73.  This action shall remain referred to Judge Fox for further proceedings relating to damages and any remaining claims in this action.

SO ORDERED.

DATED:     March 27, 2012
           New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE