UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HICHAM AZKOUR, :
:
          Plaintiff, :
:
          -against- : REPORT AND RECOMMENDATION
:
LITTLE REST TWELVE, INC., NINA : 10 Civ. 4132 (RJS)(KNF)
ZAJIC, DAVID KAY, and :
ABERRAHMANE a/k/a PETER ELJASTIMI, :
:
          Defendants. :
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE RICHARD J. SULLIVAN, UNITED STATES DISTRICT JUDGE

      On May 19, 2010, the plaintiff Hicham Azkour ("Azkour"), commenced this action by filing a complaint with the Clerk of Court. That complaint was served on defendants Little Rest Twelve, Inc. ("LRT"), Nina Zajic ("Zajic"), David Kay ("Kay"), and Aberrahmane a/k/a Peter Eljastimi ("Eljastimi"), on July 19, 2010. On April 5, 2011, Azkour filed an amended complaint. On April 8, 2011, LRT filed an answer to Azkour's amended complaint, in which it did not contest service of process, thus waiving any objection on that basis. See Fed. R. Civ. P. 12(h)(1). As of the date of this report, Azkour has not filed proof of service of the amended summons and amended complaint on any of the remaining defendants, and the time for effecting service of process has elapsed.

      Fed. R. Civ. P. 4(m) provides in pertinent part, that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 41(b) authorizes the district court to dismiss an action for failure to prosecute, or to comply with a court order. See LaSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001); Lucas v. Miles, 84 F.3d 532, 534 -35 (2d Cir. 1996).

On April 27, 2012, the Court issued an order directing Azkour to show cause, in writing, on or before May 4, 2012, why this action should not be dismissed, without prejudice, against the defendants other than LRT, for failure to serve the amended summons and amended complaint, as required by Rule 4(m) of the Federal Rules of Civil Procedure. As of the date of this report, Azkour has not complied with the Court's April 27, 2012 order. Since Azkour did not comply with the Court's order and no proof has been provided by him establishing that defendants Zajic, Kay, and Eljastimi have been served with the amended summons and amended complaint, dismissing the action against these defendants is warranted.

## RECOMMENDATION

For the reasons set forth above, I recommend that the instant action be dismissed against defendants Zajic, Kay, and Eljastimi, pursuant to Fed. R. Civ. P. 4(m) and 41(b).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Sullivan, 500 Pearl Street, Room 640, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Sullivan. *Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.* See Thomas v. Arn, 474 U.S. 140, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir.

1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York  
      May 14, 2012

Respectfully submitted,

*/s/ Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE