1

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HICHAM AZKOUR, <br><br> *Plaintiff,* <br><br> v. <br><br> LITTLE REST TWELVE, INC., ET AL., <br><br> *Defendants.* | HA 10 <br><br> Civil Action No. 10CIV-4132 (RJS)(KNF) <br><br> USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC #: _____ <br> DATE FILED: 4/4/13 |




## PLAINTIFF'S NOTICE TO REQUEST THE ISSUANCE OF A WRIT OF MANDAMUS PURUANT TO 28 U.S.C. § 1651 and FED. R. APP. P. 21

On March 20, 2013, pursuant to Fed. R. Civ. P. 69, a Writ of Execution issued to enforce the Court Judgment dated December 28, 2012 and awarding attorneys' fees to Samuel & Stein. *See* Docket Entry No. 145.

Prior to the issuance of the Court Judgment and the subsequent writ, I informed the Court, on or about October 24, 2012, that the defendants would not cooperate with the Court and meet their obligations if any monetary Judgment were to be made. *See* Docket Entry No. 140. Based upon this reality, I then respectfully requested that the Court impose a supersedeas bond pending any eventual appeal, issue a Writ of Attachment in accordance

with N.Y.C.P.L.R. § 6201, and a Restraining Notice in accordance with N.Y.C.P.L.R. § 5222.

In an Order dated November 30, 2012, the Court addressed the supersedeas bond request only. It denied it as meritless and stated that I was "not free to monopolize the Court's time and resources by filing lengthy, often meandering submissions." Obviously, the Court neither addressed the Writ of Attachment, nor did It consider my suggestion that a Restraining Notice might be necessary. See Docket Entry No. 144. I believe that the Court can now consider both, since the Writ of Execution issued on March 20, 2013 stands as evidence in support of the legitimacy of my preventive request. And this is warranted by N.Y.C.P.L.R. § 5229.[1]

The defendants' refusal to satisfy the aforementioned Court Judgment is evidence that future dilatory practices and vindictive non-compliances will ensue and unnecessarily add to the substantial damages I have been so far unfairly sustaining. This Court has been made aware, while entertaining the matter *Inna Gudavadze, et al., v. Joseph Kay, et al.,* 08 civ. 3363 (RJS) (hereinafter referred to as "*Gudavadze*"), that defendant Little Rest Twelve, Inc. is a corporate entity, owned by both Grosvenor Trading House Ltd. (a British company) and Jean-Yves Haouzi (a French citizen), and is part of a global network of dispersed assets belonging to Inna Gudavadze (a Russian citizen). Therefore, considering the defendants' manifest unwillingness to satisfy this Court Judgment, fraudulent conveyances are an imminent danger, which will leave me with no adequate relief once this Court determines my monetary damages in the above-referenced matter – if It willingly does at all.

As a matter of course, the above-referenced matter was brought to this Court on April 2, 2010, **more than three years ago**, and on March 27, 2012, **more than a year ago**, this Court determined that the defendants are liable to me on my claims for minimum wage violations and unpaid overtime compensation under both federal and New York law, for "spread-of-hours" compensation under New York law, as well as for unlawful retaliation and liquidated damages under both the FLSA and NYLL. See FLSA Action Docket Entry No. 98.

Nobody can now elucidate the Court's mysterious reasons for delaying the

---

[1] N.Y.C.P.L.R. § 5229 states:

> In any court, before a judgment is entered, upon motion of the party in whose favor a verdict or decision has been rendered, the trial judge may order examination of the adverse party and order him restrained with the same effect as if a restraining notice had been served upon him after judgment.

Case 1:10-cv-04132-RJS-KNF   Document 149   Filed 04/04/13   Page 3 of 6

3

determination of my monetary damages in a straightforward FLSA case, which is not consolidated with any other pending matter per Fed. R. Civ. P. 42(a). *See, e.g., Devlin v. Transportation Communications Intern. Union*, 175 F.3d 121, 130 (2d Cir. 1999). A one-year delay for a simple computation within a simple set of laws is unreasonably odd and leads to a litany of legitimate questions.

If the defendants have so far refused to pay my attorneys' fees, is there a probability that I will be left holding an empty bucket due to this Court's exercise of some sort of quaint discretion in assessing the evidence? Of course, there is. Why this Court has been timid in considering contempt proceedings? Why has this Court kept silent while I was unethically called a *Koran-quoting lunatic* by the defendants' counsel? Why has this Court remained undisturbed by the outrageous discriminatory practices of the defendants, as exhibited by their communications and filings with the Court? Why all this lawlessness and hijacking? Is this silence a form of bias? Some judges would think so. As Justice Frankfurter noted in *Wilkerson v. McCarthy*, 336 U.S. 53, 65, 69 S.Ct. 413, 419, 93 L.Ed. 497 (1949) (Frankfurter, J., concurring), "A timid judge, like a biased judge, is intrinsically a lawless judge."

I have noted in a previous communication that the Court has the discretion to manage Its docket as It pleases. *See Johnson v. Morgenthau*, 160 F.3d 897,899 (2d Cir.199 8) (per curiam). Yet, this discretion cannot go unquestioned. While purposefully shelving my two actions using the docket-management-discretion shield, this Court, nevertheless, selectively chooses to promptly and efficiently dispose of matters in actions that have been filed only as recently as February 2013[2]. *See, e.g., Greenlight Capital, L.P., et al. v. Apple, Inc.*, No. 13-civ-900 (RJS) and *Brian Gralnick v. Apple, Inc.*, No. 13-civ-976 (RJS). Are these cases more beneficial to the administration of justice? Could their prompt resolution be of a more rewarding nature to the Court? Have the plaintiffs in these two actions incurred more damages than I have? Or is their welfare more important to the Court than mine?

Indeed, these are extremely disturbing questions.

If this Court does not timely rule on my damages, does not issue a Writ of Attachment, a Restraining Notice, I will have no other option but to seek a Writ of Mandamus, pursuant to 28 U.S.C. § 1651 and Fed. R. App. P. 21, directing the Court to fulfill Its duty. It is true that a mandamus is issued "only in exceptional circumstances

---

[2] In *Greenlight*, the complaint and request for preliminary injunction were filed on February 7, 2013. This Court, in about two weeks, fully decided the preliminary injunction on February 22, 2013.

amounting to a judicial usurpation of power *or* a clear abuse of discretion." *In re City of New York,* 607 F.3d 923, 943 (2d Cir. 2010)³. However, this Court's curious inaction has become highly questionable and an extraordinary circumstance requiring the intervention of higher courts and even the attention of other entities, including the Senate Judiciary Committee. "A district court abuses its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or if it has rendered a decision that cannot be located within the range of permissible decisions. [The Court of Appeals] will issue the writ only if a district court committed a clear and indisputable abuse of its discretion in one of these ways." *S.E.C. v. Rajaratnam,* 622 F.3d 159, 171 (2d. Cir. 2010).

Speaking of *Rajaratnam,* I must remind the Court that It should seriously consider my legitimate request again and reopen *Gudavadze* for *pre-judgment discovery* and, evidently, jurisdictional purposes. *See Rajaratnam,* 622 F.3d at 181 (district court may qualify right of access to discovery materials "in the interest of protecting legitimate interests"); *In re Agent Orange Prod. Liab. Litig.,* 517 F.3d 76, 103 (2d Cir. 2008) ("A district court has wide latitude to determine the scope of discovery . . . [and] abuses its discretion only when the discovery is so limited as to affect a party's substantial rights.")(internal quotations and citations omitted), *cert. denied,* 555 U.S. 1218 (2009); *Cruden v. Bank of New York,* 957 F.2d 961, 972 (2d Cir.1992)("[a] trial court enjoys wide discretion in its handling of pre-trial discovery"); *LaPlante v. Estano,* 228 F.R.D. 115, 116 (D.Conn. 2005) ("A court is given broad discretion regarding whether to issue a protective order.").

**WHEREFORE**, I respectfully request that this Court grant me judgment and pre-judgment relief as the following:

1. Without any additional delay, rule on my monetary damages;
2. Reopen *Gudavadze* so that the Court may exercise jurisdiction upon the plaintiffs - owners of defendant Little Rest Twelve, Inc. - and their assets;
3. Examine the owners of Little Rest Twelve, Inc. pursuant N.Y.C.P.L.R. § 5229;
4. Issue a Restraining Notice in accordance with N.Y.C.P.L.R. § 5222;
5. Issue a Writ of Attachment of all assets in accordance with N.Y.C.P.L.R. § 6201 – including overseas assets - that may fully cover judgments; and

---

³ The Court is familiar with this opinion as it deals with the City's appeal from this Court's Order on privileged discovery requested by individuals arrested by NYPD while demonstrating against the 2004 Republican Convention.

5

6. Initiate contempt proceedings against the defendants for their refusal to satisfy this Court Judgment as regards attorneys' fees.

Respectfully submitted on April 4th, 2013

_____
HICHAM AZKOUR, pro se


HICHAM AZKOUR
127 W. 25th Street
New York, New York 10001

Email: hicham.azkour@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **PLAINTIFF'S NOTICE TO REQUEST THE ISSUANCE OF A WRIT OF MANDAMUS PURUANT TO 28 U.S.C. § 1651 and FED. R. APP. P. 21**, has been served upon the defendants' attorney of record on this 4th day of April 2013, VIA ECF/MAIL:

Andrew S. Hoffmann, Esq.

450 Seventh Avenue, Suite 1400

New York, New York 10123


Dated: April 4th, 2013


By:        HICHAM AZKOUR, pro se

          _[signature]_

                              HICHAM AZKOUR
                              127 W. 25th Street
                              New York, New York 10001

                              Email: hicham.azkour@gmail.com