UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HICHAM AZKOUR,

                              Plaintiff,

-v-

LITTLE REST TWELVE, INC., et al.,

                             Defendants.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-28-13
```

No. 10 Civ. 4132 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    On September 26, 2012, Plaintiff filed a request for leave to file a motion for injunctive relief in this action. (Doc. No. 129.) Specifically, Plaintiff contemplates seeking reinstatement with Defendant Little Rest Twelve, Inc., his former employer. On October 12, 2012, Defendants submitted a letter opposing Plaintiff's request on the grounds that, having thrice declined to seek reinstatement when that opportunity was presented to him, Plaintiff has waived any right to such relief. Defendants contend, moreover, that reinstatement would be impracticable given the animosity between the parties.

    Plaintiff does not deny having declined to seek injunctive relief on multiple occasions. (*See* Doc. No. 61 (letter from Plaintiff's then-counsel dated January 20, 2011); Doc. No. 103 (memorandum in support of damages inquest); Doc. No. 128 (letter from Plaintiff dated September 14, 2012).) Indeed, since filing the instant request, Plaintiff has again reversed course, asserting that "it is unconscionable that Plaintiff, after having experienced such an unspeakable ordeal while being employed by and litigating with Defendant[s], would think of seeking reinstatement in an environment characterized by hostility, dishonesty, and turpitude."

(Doc. No. 139 at 9.) Accordingly, the Court has little difficulty concluding that Plaintiff has waived his right to seek reinstatement. *See Golden Trade S.R.L. v. Lee Apparel Co.*, Nos. 90 Civ. 6291 (JSR), 1997 WL 373715, at *1 (S.D.N.Y. June 25, 1997) (observing that where a party makes a tactical decision to forego raising a particular argument, "[i]t would make a mockery of the orderly resolution of disputes if parties could willy-nilly disregard the consequences of such tactical choices in favor of never-ending resurrection of previously abandoned claims"). Moreover, even if Plaintiff had not waived this right, it is equally clear to the Court that Plaintiff's overt hostility towards Defendants makes reinstatement impracticable. *See Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 846 (2001) (recognizing situations where "reinstatement is not viable because of continuing hostility between the plaintiff and the employer"); *Banks v. Travelers Cos.*, 180 F.3d 358, 364 (2d Cir. 1999) ("[R]einstatement is not always feasible . . . because animosity may impede the resumption of a reasonable employer-employee relationship.") Accordingly, Plaintiff's request for leave to file a motion for injunctive relief is HEREBY DENIED.

At this juncture, the principal issue in dispute between the parties is the extent of Plaintiff's monetary damages. As the foregoing discussion suggests, Plaintiff has proven indecisive about how he wishes to ascertain damages. Plaintiff has, at various points, agreed to an inquest (*see* Doc. No. 103), a jury trial (Doc. No. 114), and what the Court can only construe as a bench trial (*see* Doc. No. 146 at 1, 3 (asking the Court to "ascertain [Plaintiff's] damages" and for an "immediate judgment"), only to subsequently change his mind. Accordingly, in the interests of resolving this litigation, IT IS HEREBY ORDERED THAT, by July 12, 2013, the

parties shall each submit a letter, not to exceed three pages, proposing a process for ascertaining Plaintiff's damages. Based on the parties' letters, the Court will set an appropriate process in motion.

Finally, Plaintiff requests leave to file a petition for a writ of attachment against Defendants, pursuant to Federal Rule of Civil Procedure 64 and N.Y.C.P.L.R. § 6201. Plaintiff, however, fails to demonstrate that Defendants fall into any of the categories that serve as a condition precedent to attachment. *See* N.Y.C.P.L.R. § 6201(1)-(5). Defendant Little Rest Twelve, Inc. is a corporation registered in New York that Plaintiff obviously has been able to serve. Moreover, contrary to Plaintiff's representation, there is no evidence that Defendants intend to defraud Plaintiff or frustrate the enforcement of any judgment in his favor. Indeed, Defendants have already satisfied the judgment against them awarding Plaintiff's counsel attorney's fees and costs. (*See* Doc. No. 151.) Accordingly, Plaintiff's petition is deemed made and is HEREBY DENIED.

The Clerk of the Court is respectfully directed to terminate the motions pending at Doc. Nos. 129, 147, and 150.

SO ORDERED.

DATED:   June 27, 2013
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

A copy of this order has been e-mailed to:

Hicham Azkour
hicham.azkour@gmail.com