UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-12-13
```

HICHAM AZKOUR,

                                   Plaintiff,

         -v-

LITTLE REST TWELVE, INC., et al.,

                                   Defendants.

No. 10 Civ. 4132 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

On June 27, 2013, the Court directed the parties to submit letters by July 12, 2013 proposing a process for ascertaining Plaintiff's damages. (Doc. No. 156.) The Court is now in receipt of those letters (attached) from Plaintiff and Defendants, respectively dated July 10, 2013 and July 1, 2013. Defendants emphasize that they do not oppose Plaintiff's calculation of damages for the minimum wage and overtime violation, unlawful retention of tips, or liquidated damages associated with those violations.[1] Their opposition is limited to Plaintiff's request for back pay, front pay, and punitive damages, which Defendants maintain Plaintiff is not entitled to as a matter of law. Accordingly, Defendants ask the Court to resolve the legal question of whether Plaintiff is entitled to such damages based on the parties' prior submissions – in essence renewing their proposal for summary judgment motions. Then, if there are factual issues relevant to determining Plaintiff's entitlement to such damages, Defendants suggest that the Court resolve them by bench trial.

---

[1] Defendants also did not oppose Plaintiff's calculation of his attorneys' fees and cost, which they have already paid pursuant to this Court's Order of November 28, 2012. (*See* Doc. Nos. 145, 151.)

Plaintiff's wishes are less clear.   He appears to renew his opposition to allowing Defendants to move for summary judgment, even though proceeding to summary judgment is what, in essence, he seeks.   That is, rather than identifying any factual issues in need of resolution by trial, Plaintiff argues that material facts about his wages and length of employment are *not* in dispute.   (*See* Doc. No. 156 at 4-5.)   Thus, Plaintiff requests "that the Court ascertain his damages based upon the arguments and evidence articulated and presented" in various documents that Plaintiff has submitted since obtaining summary judgment as to Defendants' liability, including as attachments to the instant letter.   (*Id.* at 6.)   Those documents confirm that, at this point, the parties' dispute is limited to whether Plaintiff is entitled, as a matter of law, to back pay, front pay, and punitive damages.

Given that both sides in this action have, in essence, requested to proceed to summary judgment, and that no party has identified any material factual dispute that would preclude summary judgment, IT IS HEREBY ORDERED THAT the parties may file motions for summary judgment by August 12, 2013; the parties shall respond to one another's motions by September 9, 2013; and the parties shall file any replies by September 23, 2013.   IT IS FURTHER ORDERED THAT the parties' submissions shall comply with Local Rule 56.1 and with the Court's Individual Practices. Given Plaintiff's repeated failure to follow page limits – including with the instant letter, which, at six pages, is twice the maximum allowed length – the Court emphasizes that it will not consider any pages submitted beyond the prescribed limits and will count single-spaced pages *twice* for purposes of determining the number of pages within prescribed limits.   Plaintiff is therefore encouraged to focus his argument on what is actually at

2

issue: whether, as a legal matter, he is entitled to back pay, front pay, and punitive damages and,

if so, how much those damages amount to.

SO ORDERED.

DATED:     July 12, 2013
           New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

A copy of this order has been e-mailed to:

Hicham Azkour
hicham.azkour@gmail.com

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED #: ___7 |10|12___

| | |
|---|---|
| HICHAM AZKOUR, <br><br> *Plaintiff,* <br><br> v. <br><br> **LITTLE REST TWELVE, INC.,** *ET AL.,* <br><br> *Defendants.* | Civil Action No. 10-civ-4132 (RJS) |

---

## LETTER TO THE COURT PURSUANT TO COURT ORDER DATED JUNE 27, 2013, *See* DOCKET ENTRY NO. 156

---

HICHAM AZKOUR, pro se

93 Pitt Street, Apt. 3B

New York, New York 10002


Telephone: (212) 390-0764

Email: hicham.azkour@gmail.com

On June 27, 2013, this Court issued an Order directing each party in the instant matter ("FLSA Action") to submit a letter proposing a process for ascertaining Plaintiff's damages. *See* FLSA Action Docket Entry No. 156. In the same Order, the Court denied Plaintiff's request for leave to file a petition for a writ of attachment against Defendants pursuant to Rule 64 of the Federal Rules of Civil Procedure and N.Y.C.P.L.R § 6201. The Court determined that Plaintiff had failed to demonstrate that Defendants fall within the five categories that serve as a condition precedent to attachment as set forth by ¶¶ 1-5 of N.Y.C.P.L.R § 6201. Moreover, the Court, in the aforementioned Order, denied Plaintiff's request for leave to file a motion for injunctive relief. *See* FLSA Action Docket Entries Nos. 129 and 132.

Whereas Plaintiff, at this juncture of the litigation, does not object to the Court's denial of his request to file a petition for the issuance of a writ of attachment against Defendants, Plaintiff, nevertheless, strongly contests and refutes the Court's erroneous representation that Plaintiff, since his retaliatory termination on February 8, 2010, has "thrice declined to seek reinstatement when that opportunity was presented to him." The Court conclusively and erroneously stated: "Plaintiff has waived any right to such relief." Strangely, this Court did not show, based upon any evidence in the record, how Plaintiff has *thrice* declined reinstatement, or when, where, why, and how Defendants offered to reinstate him to his former employment position. Furthermore, this Court did not show, based upon any relevant and probative evidence from the record, that It Ordered Plaintiff to be reinstated by Defendants, that Defendants unconditionally complied with Its reinstatement Order, and that Plaintiff declined their offer, which was the result of their immediate compliance with such Order. A review of Defendants letter dated October 12, 2012 does not indicate they opposed Plaintiff's reinstatement on the grounds that he had already thrice declined reinstatement, as the Court strangely suggested, but they rather opposed such relief due to Plaintiff's perceived mental incompetence or disability. Indeed, Defendants required that, as a *sine qua non* condition to his reinstatement, he be subjected to a psychiatric evaluation. *See* FLSA Action Docket Entry No. 139. In another action pending before this Court, Plaintiff rather asserted that such condition is discriminatory and is clearly in violation of 42 U.S.C. § 12112(d). *See Hicham Azkour v. Jean-Yves Haouzi, et al.,* 11-civ-5780 (RJS)(KNF) (hereinafter referred to as "Civil Rights Action"), Docket Entry No. 98. Therefore, Plaintiff has never reversed course by stating that he refused to work in "an environment characterized by hostility, dishonesty, and turpitude," and in this very instance, blatant discriminatory conduct.

This Court, most clearly, tends to give the impression, for truly unclear motives, that Plaintiff is not quite credible because he has never been decisive about how to resolve this

matter or any other related matter. The Court, at the detriment of Plaintiff's credibility, suggests that he does not know if monetary damages should be resolved by jury trial, bench trial, judgment, or any other form of legal proceeding. But what this Court does not put on the record is that Plaintiff, against this Court's will and his former attorney's will, would have wanted that adjudication of this case be by jury trial. As evidence to Plaintiff's choice, to Mr. Stein's early knowledge of this choice, and this Court's knowledge of the same, Plaintiff refers the Court to Mr. Stein's confidential[1] letter, dated July 8, 2011, and addressed to the Hon. Kevin N. Fox. *See* EXHIBIT A at page 2. In this letter, Mr. Stein states:

> Candidly, however, we are not certain that plaintiff will accept such an offer; to date, he has expressed a desire to take the case to trial rather than accepting anything less than 100% of his damages as he calculates them to be.

Therefore, the Court's reference to and insistence on Plaintiff's disorientation and his refusal to accept offers of reinstatement is mere speculation and is an absolute, literal repeat of Defendants' tactics of deception.

Plaintiff categorically denies that he has declined any alleged offer of reinstatement by Defendants. As a matter of fact, no offer has ever been made even when Plaintiff was represented by his former counsel, David Stein, Esq. Privileged communications with Mr. Stein indicate that Plaintiff insisted upon his reinstatement, despite the unfounded and misguided refusal of Mr. Stein to seek such injunctive relief. *See* FLSA Action Docket Entry No. 61. This is one of the reasons why Plaintiff requested that the Court terminate Mr. Stein's representation. *See* FLSA Action Docket Entry No. 115. As evidence of his insistence upon reinstatement, Plaintiff filed on September 26, 2012, despite the post-discovery and advanced stage of the present litigation, a request for leave to file a motion for injunctive relief. *See* FLSA Action Docket Entry No. 129.

On the other hand, Plaintiff does not contest the Court's argument contending that reinstatement is not practicable in the instant matter due to the high degree of animosity between the parties. Accordingly, instead of reinstatement, Plaintiff requested to be made whole by being awarded front pay as prescribed by the laws of the Second Circuit. *See* FLSA Action Docket Entries Nos. 137 and 141, filed respectively on October 3, 2012 and October 24, 2012.

---

[1] Due to its confidentiality, a copy of this letter has been attached for the Court to inspect in Chambers.

Page | 3

As for the Court's concern that Plaintiff is confused and has not heretofore clearly articulated his choice for the process by which the Court should have his damages ascertained, whether by jury trial, bench trial, or inquest, Plaintiff would like to remind the Court that the entire confusion and mayhem, in addition to what have been stated above, emanated from Defendants' bizarre request to file a late motion for summary judgment as to damages. Yet, the Court, subsequent to Defendants' request, Ordered both parties to submit, no later than October 19, 2012, their respective pre-motion letters stating why a motion for summary judgment as to Plaintiff's damages was warranted by law. The Court never ruled on such letters, which prompted Plaintiff to file, on or about May 3, 2013, a petition for the issuance of a writ of mandamus with the United States Court of Appeals for the Second Circuit. *See In re Hicham Azkour*, USCA Docket Entry No. 1925.

On October 3, 2012, Plaintiff filed an opposition requesting that the Court deny Defendants' request for leave to file their contemplated motion for summary judgment as to his monetary damages. In his opposition and inquest, which supercedes Mr. Stein's, FLSA Action Docket Entry No. 137, Plaintiff also argued why he was and is still entitled to both legal and equitable relief, *including punitive damages*. With particularity and based upon the laws of the Second Circuit, its sister circuits, and the U.S. Supreme Court, Plaintiff computed his damages and reached a sum certain. *See* FLSA Action Docket Entries Nos. 137 and 141. Since Plaintiff's pleadings supercede the memorandum of law and declarations in support of his request for damages at inquest, which were submitted by his former attorney on or about June 1, 2012, FLSA Action Docket Entries Nos. 103, 104, and 105, Plaintiff respectfully requested that the Court ascertain his damages based upon his own legal arguments and computations as set forth in his own request for damages. As a matter of law, "[i]t is well established that an amended complaint ordinarily supercedes the original, and renders it of no legal effect." *Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2d Cir. 1994) (citation omitted). Within the same logic, "[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case." 6 C. Wright A. Miller & M. Kane, Federal Practice and Procedure § 1476, at 636-37 (2010). *See also Azkour v. Haouzi,* No. 11 Civ. 5780 (RJS) (KNF), 2012 WL 1681438 at *1 (S.D.N.Y. Apr. 25, 2012).

As a reminder to this Court, Defendants admit that Plaintiff's minimum wages, including gratuities and absent any violations, amount to $838.68 per week. *See* FLSA Action Docket Entries Nos. 110 and 118. Moreover, Defendants do not contest that, following Plaintiff's retaliatory termination, his last day of employment was February 8, 2010. Plaintiff, as demonstrated by the evidence he already submitted in both the FLSA Action and the Civil Rights Action, show that he fully mitigated his damages because he has

been unable to find a comparable, alternative employment where he would earn at least $838.68 per week. The Court may review the legal arguments and evidence upon which Plaintiff relies to prove mitigation. *See* Plaintiff's Declaration in support of his opposition at FLSA Action Docket Entry No.137. *See also* the Declaration of Robert Ribbler at ¶¶ 6, 8-12 or EXHIBIT L attached to Civil Rights Action Docket Entry No. 97[2]; Declaration of Cha'mesh Omer Mualimmak at ¶¶ 6-13 or EXHIBIT M attached to Civil Rights Action Docket Entry No. 97; Declaration of Hicham Azkour at ¶¶ 35-39 or EXHIBIT O attached to Civil Rights Action Docket Entry No. 97. If the Court particularly reviews Plaintiff's and Mr. Mualimmak's declarations, not only will It come to realize that Plaintiff has proved full mitigation of his damages, but It will also be convinced that Defendants discriminated against him, retaliated against him, and interfered with his diligent search for alternative, comparable employment. *See* Civil Rights Action Docket Entry No. 97 and 98.

Such discriminatory, retaliatory, and egregious conduct does not reflect but Defendants' bad faith and ill will throughout this entire litigation. This is the reason why Plaintiff insists that he should be awarded punitive damages in an amount *equal* (100%) to the sum of all his other damages in this case. *See* FLSA Action Docket Entry No. 137. This Court has already been made aware that Defendants continued to violate the Fair Labor Standards Act and the New York Labor Law despite an injunction Ordered by the Hon. Debra C. Freeman, U.S.M.J. *See* Docket Entry No. 64 at *Arturo Reyes, et al. v. Buddha Bar-NYC, et al.,* 08-civ-2494 (DCF). And while this case was pending, a class of similarly situated employees sued Defendants in this District, before the same magistrate judge, for similar violations. *See Franklin Guaman, et al. v. Ajna Bar-NYC, et al.,* 12-civ-2987 (DCF).

The epitome of Defendants' egregious conduct reached the point where they withheld, most certainly with the advice of their counsel, discovery material in violation of Fed. R. Civ. P. 26. This prejudiced Plaintiff's ability to conduct an informed deposition. As this Court has been informed, Mr. Stein's complacency also led to this type of unlawful conduct. Only upon Plaintiff's insistence did Mr. Stein address[3], on January 10, 2012, a *mellow, mild, love-like*[3] letter to opposing counsel - obviously without informing the Court - admonishing him for failing to disclose information regarding the investigation conducted

---

[2] "A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." *See* Fed. R. Civ. P. 10(c).

[3] Plaintiff timely informed Mr. Stein of the ongoing investigation. Yet, Mr. Stein refused to contact the U.S. Labor Department, inquire about the investigation's status, or request the investigative report.

by the U.S. Department of Labor, in which Defendants were *again* found in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq. See* EXHIBIT B.

WHEREFORE, Plaintiff respectfully requests that the Court ascertain his monetary damages by considering the figures related in the attached table, EXHIBIT **C** which details Plaintiff's requested damages from February 8, 2010 to July 8, 2013, that is 176 months. Plaintiff also requests that the Court ascertain his damages based upon the arguments and evidence articulated and presented in the aforementioned opposition and request for damages at inquest. *See* FLSA Docket Entry No. 137. Moreover, Plaintiff respectfully requests that the Court deny Defendants' contemplated motion for summary judgment.

Respectfully submitted on July 10, 2013

By:   HICHAM AZKOUR, pro se

----------------------------

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing LETTER TO THE COURT PURSUANT TO COURT ORDER DATED JUNE 27, 2013, *See* DOCKET ENTRY NO. 156, with **EXHIBIT A**, **EXHIBIT B**, and **EXHIBIT C**, has been served upon the defendants' attorney of record on this 10th day of July 2013, VIA ECF/MAIL:


Andrew S. Hoffmann, Esq.

450 Seventh Avenue, Suite 1400

New York, New York 10123


Dated: July 10, 2013


By: HICHAM AZKOUR, pro se

————————————————

HICHAM AZKOUR

93 Pitt Street, Apt. 3B

New York, New York 10002


Telephone: (212) 390-0764

Email: hicham.azkour@gmail.com

# EXHIBIT A

# EXHIBIT B

# SAMUEL & STEIN

### ATTORNEYS AT LAW

38 WEST 32ᴺᴰ STREET, SUITE 1110, NEW YORK, NY 10001
PHONE: (212) 563-9884 | FAX: (212) 563-9870 | WEBSITE: www.samuelandstein.com

- DAVID STEIN
dstein@samuelandstein.com

January 10, 2012

ADMITTED IN
NY, NJ, PA, IL, DC

**VIA EMAIL**

Andrew S. Hoffmann, Esq.
Wiseman & Hoffmann
450 Seventh Avenue, Suite 1400
New York, New York 10123

    Re:    **Azkour v. Little Rest Twelve, Inc., et al.**
           **No. 10-CV-4132 (RJS) (KNF)**

Dear Andy:

        As you know, last week we mentioned to you that our client had obtained documents related to your clients from the Department of Labor pursuant to a FOIA request. A review of the Department of Labor's report shows that the investigation took place from approximately October 2010 to January 2011, and that as a result of the investigation your clients entered into a Back Wage Compliance and Payment Agreement in or about January 2011.

        In discovery demands served by plaintiff on April 7, 2011, we demanded, *inter alia*, that defendants produce copies of documents concerning administrative investigations where defendants' employees' compensation was implicated (Request No. 23), copies of all documents concerning defendants' interaction with any government agency regarding defendants' employees' compensation (Request No. 24), and for defendants to disclose whether any defendant has ever been the subject of a government investigation or administrative action involving claims similar to the ones made in this case and if so, to provide details in regard thereto (Interrogatory No. 9).

        The information revealed by the FOIA request was responsive to those requests, but was not disclosed, in violation of your clients' discovery obligations. This prejudiced our ability to conduct a comprehensive deposition of defendants.

        Obviously, you were not the attorney of record for defendants at the time discovery took place, and you are therefore blameless for these omissions. Whether the direct fault lies with your clients or your predecessors, we have no way of knowing; nevertheless, your clients must ultimately bear responsibility. To avoid an application for sanctions, we therefore insist that you review your clients' files, determine whether there were any additional omissions, and supplement defendants' discovery responses accordingly. (If your clients' contention is that they

Andrew S. Hoffmann, Esq.
January 10, 2012
Page 2 of 2

have fully responded to interrogatories and turned over everything else in their possession, we request that they certify same.)

   If you have any questions about the above, please do not hesitate to contact me.   Please be guided accordingly.

         Very sincerely,

         David Stein

# EXHIBIT C

# Estimation of Plaintiff's Damages

## Estimation of Plaintiff's Actual and Liquidated Damages

| Type of Relief | Actual Damages | Federal / New York State Liquidated Damages | Rate | Amount of Liquidated Damages |
|---|---|---|---|---|
| | | | | |
| Retained Tips | $5,421.47 | **Federal** / **New York** | 100% / 25% | $5,421.47 / $1,355.36 |
| | | | | |
| Front Pay | 176 weeks x $838.68 = $147,607.68 | **Federal** / **New York** | 100% / 25% | $147,607.68 / $36,901.92 |
| | | | | |
| Total Amount of Liquidated Damages | | | | $304,990.58 + $76,247.64 |

1

**Plaintiff's Amount of Punitive Damages is the $\sum$ of the Total Amount of Actual Damages and the Total Amount of Liquidated Damages**

## Total Amount of Actual Damages

=

## $304,990.58



## Amount of Punitive Damages

=

Total Amount of Actual Damages + Total Amount of Liquidated Damages

=

$304,990.58 + $381,238.21

=

## $686,228.79

2

**Plaintiff's Total Damages is the $\sum$ of the Total Amount of Actual Damages, the Total Amount of Liquidated Damages, and the Amount of Punitive Damages**

# Plaintiff's Total Damages

=

**Total Amount of Actual Damages**

+

**Total Amount of Liquidated Damages**

+

**Amount of Punitive Damages**

=

**$304,990.58 + $381,238.21 + $686,228.79**

=

# $1,372,457.58

3

**HOFFMANN & ASSOCIATES**
Attorneys at Law
450 Seventh Avenue, Suite 1400
New York, New York 10123
Tel. (212) 679-0400
Fax (212) 679-1080

ANDREW S. HOFFMANN*

TRAM D. LOPRESTO

*Admitted in New York and Ohio

July 1, 2013

**Via Email: sullivannysdchambers@nysd.uscourts.gov**
Hon. Richard J. Sullivan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, New York 10007

                      Re:    Azkour v. Little Rest Twelve, Inc.
                                  10 Civ. 4132 (RJS)(KNF)

Dear Judge Sullivan,

      We represent defendants in the above-captioned matter. In compliance with the Court's June 28, 2013 Order, we submit this letter setting forth our proposal for a process to ascertain plaintiff's damages in this action.

      In early 2012 Magistrate Judge Fox ordered plaintiff to submit a written request for the monetary damages he believed he was entitled to in this action together with any documents or affidavits which he claimed supported his damage claim.

      Plaintiff, through his then counsel of record David Stein, filed a written request for damages with Magistrate Judge Fox on June 1, 2012. See Docket Entries 103, 104 and 105.

      In his submission, plaintiff sought monetary damages as follows:

I.      Minimum wage and overtime violation – damages of $4,353.75

II.     Unlawful retention of tips – damages of $5,421.47

III.    Liquidated damages – for minimum wage/overtime - $4,353.75
                              – for unlawful retention of tips - $1,355.37

IV.     Attorney's fees and costs - $32,315.11

V.      Back pay – damages of $92,800

VI.     Front pay – damages of $124,800

VII.    Punitive damages – unspecified damages

        Defendants filed their response to plaintiff's damage request on July 20, 2012.
See Docket Entries 110, 111 and 112. In our submission, we advised Magistrate Judge
Fox that we *did not oppose* items I through IV of plaintiff's damage request (in fact, the
Court has already granted partial judgment on Item IV, which has been fully satisfied).

        Defendants' only opposition to plaintiff's request for damages is to his claim to
back pay, front pay and for punitive damages. Defendants have articulated legal grounds
why such forms of damages are not available to plaintiff in this case under the relevant
case law.

        Given the parties' agreement on the damages that should be awarded on plaintiff's
claim for unpaid wages, tip retention and for liquidated damages, we contend that the
Court should simply adopt the numbers set forth and approved by each party in prior
judicial pleadings.

        We further propose that the Court entertain the parties' prior submissions on the
remaining unresolved issues concerning plaintiff's entitlement to back pay, front pay and
punitive damages. If the Court determines that there are factual issues which need to be
resolved in order to determine plaintiff's entitlement to and/or the amount of damages he
should be awarded for back pay, front pay or punitive damages, we propose that the
Court hold a bench trial to adjudicate such unresolved factual issues. In the event a
bench trial is necessary, we further propose that the Court issue an order carefully
delineating the unresolved issues to be addressed by the Court so that the parties can
proceed in an efficient manner before Your Honor.

                                        Respectfully submitted,

                                        Andrew S. Hoffmann

cc:     Hicham Azkour

                                        2