UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
Hicham Azkour,

                        Plaintiff,         10 Civ. 4132 (RJS) (KNF)

         -against-

Little Rest Twelve, Inc., Nina Zajic,
David Kay, and Abderrahmane a/k/a Peter
Eljastimi,

                        Defendants.
------------------------------------------------------------X

**DEFENDANT LITTLE REST TWELVE, INC'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT ON PLAINTIFF'S ENTITLEMENT TO BACK PAY, FRONT PAY
AND PUNITIVE DAMAGES IN THIS ACTION**

                                    HOFFMANN & ASSOCIATES
                                    450 Seventh Avenue
                                    Suite 1400
                                    New York, New York 10123
                                    Tel (212) 679-0400
                                    Fax (212) 679-1080

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Hicham Azkour,

        *Plaintiff,*

-v-

Little Rest Twelve, Inc., Nina Zajic,
David Kay, and Abderrahmane a/k/a Peter
Eljastimi,

        *Defendants.*

10 Civ. 4132 (RJS)(KNF)

DEFENDANT LITTLE REST
TWELVE, INC.'S
MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR
SUMMARY JUDGMENT ON
PLAINTIFF'S ENTITLEMENT
TO BACK PAY, FRONT PAY
AND PUNITIVE DAMAGES
IN THIS ACTION

-----------------------------------------------------------------X

Defendant Little Rest Twelve, Inc. (hereinafter "LR") submits this memorandum of law together with the accompanying affidavits of Jessica Comperiati and Panayiotis Boyiakis in support of its motion for summary judgment on plaintiff's entitlement to back pay, front pay and punitive damages in this action.

## PRELIMINARY STATEMENT

As articulated in his prior submission to Magistrate Judge Fox setting forth plaintiff's request for damages herein (Docket Entry Nos. 103 and 104 herein) LR does not contest plaintiff's claim for unpaid overtime and minimum wage compensation allegedly due to him under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") in the total amount of $4,353.75.  LR also does not contest plaintiff's claim for 100 percent liquidated damages (in the amount of $4,353.75) on said amount pursuant to the FLSA.

1

LR does not contest plaintiff's claim under the NYLL for alleged unlawfully retained tips in the amount of $5421.47. LR also does not contest plaintiff's claim for 25 percent liquidated damages (in the amount of $1,355.37) on said amount pursuant to the NYLL.

LR does not contest plaintiff's claim for an award of costs pursuant to the FLSA and the NYLL in the amount of $622.75.

LR does not contest plaintiff's claim for an award of attorneys' fees under the FLSA and the NYLL in the amount of $31,692.36.

LR does indeed contest plaintiff's claims for back pay, front pay and punitive damages as requested in his prior submission to Magistrate Judge Fox in this action.

Plaintiff is not entitled to an award of back pay because he voluntarily resigned from Ajna Bar, and because plaintiff has not established a factual predicate to support a finding that he was constructively terminated by LR.

Moreover, even if plaintiff were able to demonstrate that he had been constructively terminated, he would nevertheless have no entitlement to back pay because he has completely failed to establish that he made any reasonable attempt to mitigate his damages, and because the record shows that he was occupationally disabled by reason of mental illness during period for which he seeks back pay.

Plaintiff is not entitled to an award of front pay because the record shows that his is only 47 years old, speaks perfect English, has substantial experience in the restaurant industry, and thus can not establish that he has no reasonable prospect of obtaining alternative employment comparable to his former position with Ajna Bar as a busboy.

Plaintiff is not entitled to an award of punitive damages because it is not established in the Second Circuit that plaintiffs in a FLSA are entitled to such relief. Moreover, the record here, including plaintiff's extremely brief term of employment at Ajna Bar, does not support a finding that LR's conduct was so wrongful as to shock the conscience. Moreover, the record is undisputed that the only individuals who allegedly engaged in the wrongful behavior towards plaintiff as described in the first amended complaint were defendants Nina Zajic and Peter Eljastimi, who controlled and operated LR and Ajna Bar during the *entire* period of plaintiff's employment. The record is clear that Zajic and Eljastimi were interlopers who had wrongfully assumed control over LR during the period in question, and that they were ousted by the rightful and current owners on March 31, 2010 *after* plaintiff had already resigned his employment. Accordingly, any award of punitive damages should be assessed against the actual wrongdoers here, not upon the current ownership and management of LR who had nothing at all to do with plaintiff's allegations.

## POINT ONE
## PLAINTIFF IS NOT ENTITLED TO BACK PAY

In his declaration submitted to Magistrate Judge Fox in support of his claim for damages, plaintiff contends that he was terminated from his position as a busboy on February 8, 2010. See Docket Entry No. 104 at ¶21.

He further claims that during the 116 weeks following his alleged termination, he has "been diligently looking for alternative employment in the restaurant industry," but has not been able to secure even a single day of employment. Id. at ¶22. He claims his job search has been hampered by his age (47) and because Ajna Bar allegedly refused to give

him a written reference and claims that it actually gave negative information about him to prospective employers. Id. at ¶22.

Plaintiff has not supplied any documentation concerning his alleged search for work. For instance, he has not provided the Court with a copy of his resume, copies of job advertisements he responded to or even the name of a single restaurant where he applied for a position.

Plaintiff's own records included in his submissions to Magistrate Judge Fox show that in September 2011 (19 months after his resignation from Ajna Bar) he became a resident in a shelter for homeless and mentally ill adults, and that he had an "initial" session with a Psychotherapist on May 9, 2012.

Plaintiff has also filed a motion with the Court in Civil Action No. 11 Civ. 5780 claiming to be "mentally incompetent" and seeking the appointment of a *Guardian Ad Litem* to represent his interests. See Document No. 24.

**No Constructive Discharge**

A Plaintiff who resigns from his job is not entitled to back pay unless the can show that he was constructively discharged. Chertkova v. Connecticut General, 92 F. 3d 81 (2nd Cir. 1996); Pena v. Brattleboro Retreat, 702 F. 2d 322 (2d Cir. 1983).

While plaintiff falsely represents to the Court that he was "terminated" by Ajna Bar, Magistrate Judge Fox has already specifically found that he "resigned" from his position with Ajna Bar on February 14, 2010. See Magistrate Judge Fox's Report and Recommendation dated February 7, 2012 at p. 7. (Docket Entry No. 91)

4

In order to prove a constructive termination, a plaintiff must show that the employer *deliberately* made the employee's working conditions so intolerable that a reasonable person in the employee's shoes would have been compelled to resign. Pena v. Brattleboro Retreat, 702 F. 2d 322 (2d Cir. 1983).

A plaintiff must prove that the employer acted "deliberately" by engaging in actions with the intention of forcing the employee to quit. Lombardo v. Oppenheimer, 701 F. Supp. 29 (D. Conn. 1987).

Here, plaintiff has not attempted to make a showing that the unspecified harassment and reduction of hours attributed by him to Peter Eljastimi was *deliberately* intended to force him to resign from Ajna Bar.

Moreover, plaintiff has not even addressed his requirement of demonstrating that his working conditions at Ajna Bar were so difficult or unpleasant that a reasonable person would have felt compelled to resign.

As such, plaintiff has not established that he was constructively terminated, and he is therefore not entitled to back pay.

**No Mitigation**

A prevailing plaintiff seeking back pay must attempt to mitigate his damages by using "reasonable diligence in finding other suitable employment." Ford Motor Company v. EEOC, 458 U.S. 219 (1982). A plaintiff does not satisfy this burden by simply claiming to have looked through want ads or spending an "insufficient" amount of time or effort looking for work. A plaintiff "must demonstrate that he made and is making an effort that is

5

reasonably calculated to find a job. " Reilly v. Cisneros, 835 F. Supp. 96 (W.D.N.Y. 1993) Affd. 44 F 3d. 140 (2d Cir. 1995).

Here, plaintiff has made only the most unspecific and conclusory claim that he has been "diligently looking for alternate employment in the restaurant industry" since his resignation, and contends that he has not found even a single day of employment. He has not provided any documents supporting his claim that he searched for work or the name of a single employer that he has applied to.

At the time of his resignation, plaintiff was working at Ajna Bar as a busboy earning $4.65 per hour plus tips.

LR has provided the Court with affidavits from Jessica Comperiati and Panayiotis Boyiakis, each of whom have substantial experience and expertise in the New York City restaurant industry, and who both attest that during the period in question (from February 2010 to the present) someone at plaintiff's age of 47, who speaks English and who had previously worked as a server at a prominent Manhattan restaurant as well as other restaurants and hotels in Denver, Boston and New York City could have *easily* obtained employment at a New York City restaurant at a level and compensation equal to or better than plaintiff had obtained during his brief tenure with Ajna Bar.

Plaintiff's claim that he was hampered in his search for a job by Ajna Bar's alleged refusal to give him a written recommendation is also completely contradicted by common sense as well as the affidavit testimony of Ms. Comperiati and Mr. Boyiakis. His claim that Ajna Bar has given him negative information about him to prospective employers is not supported by any evidence, facts or even the name of the prospective employer that

supposed received such negative information. This claim is also flatly contradicted by Ms. Comperiati's affidavit.

Ms. Comperiati's affidavit establishes that since March 31, 2012 not a single prospective employer has contacted LR requesting an employment verification for plaintiff, which is a standard practice in the restaurant industry. This strongly suggests that contrary to his claims, plaintiff has not actually sought comparable employment since his resignation from Ajna Bar.

**Plaintiff's Disability**

A plaintiff may not collect back pay for periods during which he is unable, due to an intervening disability, to continue employment. Thornley v. Penton Publishing, Inc., 104 F. 3d 26, 31 (2d Cir. 1997); Saulpaugh v. Monroe Community Hospital, 4 F. 3d 134 (2d Cir. 1993)

Here, there is substantial evidence before the Court from the instant case as well as from the other lawsuit commenced by plaintiff under Case No. 11 Civ. 5780 (also pending before this Court) demonstrating that plaintiff suffers from serious and longstanding mental illness which prevents him from holding a job. In such a case, he is not entitled to collect back pay for any period in which he is so incapacitated.

To wit, plaintiff's motion to appoint a *Guardian Ad Litem* filed in 11 Civ. 5780 is prima facia evidence of his mental incapacitation. See Docket Entry No. 24. In that motion, plaintiff represented to the Court that he suffers from a "mental disability" as defined in Section 1. 03-3 of the New York Mental Hygiene Law, and that he was incompetent as a matter of law. He also has submitted proof that he is currently a resident in a facility for

mentally ill adults, and concedes that his "serious mental impairment" is an "impediment in finding or maintaining any suitable employment." See plaintiff's declaration in support of damages, at ¶28.

Given this undisputed record, plaintiff may not recover back pay because his mental impairment has disabled him from finding or maintaining employment.

## POINT TWO
### PLAINTIFF IS NOT ENTITLED TO FRONT PAY

Front pay is available to plaintiffs in a FLSA case at the Court's discretion and only in cases where appropriate. See Avitia v. Metropolitan Club of Chicago, 49 F. 2d 1219 (7th Cir. 1995)

Courts award front pay in very "limited circumstances" where a plaintiffs age and the nature of their former position demonstrate that there is "no reasonable prospect of obtaining alternative comparable employment. Whittlesey v. Union Carbide Corporation, 742 F. 2d 724 (2d Cir. 1984)

Here, Plaintiff is only 47 years old. Moreover, the affidavits accompanying this motion demonstrate that someone at plaintiff's age and with his prior experience would have no difficulty whatsoever finding comparable employment as a busboy in a New York City restaurant.

A review of plaintiff's prior medical records, including those submitted to the Court in 11 Civ. 5780, show a history long predating his employment at Ajna Bar of a violent marriage, alcohol abuse and mental illness. While his preexisting mental problems may limit plaintiff's employment prospects, such a hardship does not serve as a basis for an award of front pay against Little Rest Twelve, Inc.

## POINT THREE
## PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES

While the Second Circuit has not yet ruled on the issue, the District Courts in this circuit are split on whether punitive damages are available under the FLSA. See Williams v. Secure Resources Communications, 2011 U.S. Dist. Lexis 155657 (S.D.N.Y. 2011) (punitive damages unavailable under the FLSA); Sines v. Williams, 2006 U.S. Dist. LEXIS 82164 (S.D.N.Y. 2006) (punitive damages available under the FLSA)

In the event the Court finds that punitive damages are available to plaintiff under the FLSA, the record before the Court does not support an award of punitive damages against Little Rest Twelve, Inc. in this case.

Punitive damages are limited to cases in which a defendant's behavior is sufficiently wrongful as to compel a need to punish the wrongdoers.

Here, plaintiff's employment was of a very short duration- - only 17 weeks. Moreover, and most significantly, the record is clear that defendants Nina Zajic and Peter Eljastimi, who personally had control of LR during the time of plaintiff's employment, were *solely* responsible for any failure to pay him wages or to retaliate against him. Plaintiff himself recognized this when he decided to sue each of them in their personal capacities.

LR is now controlled by its rightful owners, who never had any involvement or employment relationship with plaintiff. Thus, if any punitive damages are to be awarded, they should have been assessed solely against Zajic and Eljastimi, the putative actual wrongdoers.

Yet, plaintiff never took steps to actually serve Zajic or Eljastimi in this action, and the lawsuit has been dismissed against each of them. Plaintiff obviously is in contact with

9

those individuals, as they have assisted him in the instant action. Plaintiff's calculated decision not to serve Zajic or Eljastimi should not dissuade the Court from finding that they are the only parties who could possibly be responsible for any punitive damages in this case.

## CONCLUSION

Based on the foregoing defendant Little Rest Twelve, Inc. hereby requests that the Court deny plaintiff's requests for back pay, front pay and punitive damages.

Dated: New York New York
       August 29, 2013

Respectfully submitted,

HOFFMANN & ASSOCIATES

By: _____
    Andrew S. Hoffmann, Esq.
*Attorneys for Defendant Little Rest Twelve, Inc.*
450 Seventh Avenue, Suite 1400
New York, New York 10123
Tel (212) 679-0400
Fax (212) 679-1080
