| | |
|---|---|
| The Hon. Richard J. Sullivan, U.S.D.J.<br>Thurgood Marshall<br>United States Courthouse,<br>Courtroom 905<br>40 Foley Square<br>New York, NY 10007 | HICHAM AZKOUR<br>93 Pitt Street,<br>Apartment No. 3B<br>New York, NY 10002<br><br>Email: hicham.azkour@gmail.com<br><br>October 21, 2013 |



**Hand Delivered**

Re: *Azkour v. Little Rest Twelve, Inc., et al.*, 10-CV-4132 (RJS)(KNF)

Dear Judge Sullivan:

On October 8, 2013, counsel for Defendants propounded a request for the production of documents. *See* attached. In his request No. 5, counsel requests production of "[a]ny documents supporting plaintiff's claim that defendants refused to provide him with a letter of reference."

This is an absurd request and, apparently, counsel is trying to deny discrimination allegations by falsely conveying to the Hon. Fox and this Court, in the FLSA Action, that Defendants provided me with a reference letter. The evidence, however, suggests otherwise. The affidavits filed by Defendants, including the sworn affidavit of defendant Jessica Comperiati, filed in the FLSA Action at Docket Entry No. 165, ¶ 12, and the sworn affidavit of Panayiotis Boyiakis[1], filed in the FLSA Action at Docket Entry No. 166, ¶¶ 7-8, prove that Plaintiff was not provided with a post-employment letter of reference. Nothing in the record of the present action or the Civil Rights Action shows that Defendants provided Plaintiff with such a document. *See also* the deposition of defendant Comperiati in the FLSA Action, 33:13-39:23. Moreover, David Stein, Esq., my former attorney, denies that Defendants provided him with any such document.

---

[1] For the purposes of summary judgment motions, this witness's testimony is not admissible.

1

If counsel is not denying allegations of discrimination, he may be probably trying to convey to this Court that I did not mitigate my damages because I was allegedly provided with a reference letter by Defendants and did not use it in my search for employment.

Considering these overt acts of dishonesty, I respectfully request that this Court authorize me to file a motion for injunctive relief requesting that Defendants provide me with a post-employment reference letter and that they certify that any information in such letter is true and accurate.

As I have informed this Court in my pleading at Docket Entry No. 175 of the instant matter, counsel for Defendants has not disclosed all the evidence in his clients' possession and has not, to this day, as requested by Mr. Stein in his letter dated January 10, 2012, certified that he has disclosed all the requested evidence and information in his clients' possession. Therefore, I respectfully renew my request that the Court schedule a conference where counsel may show cause for which reasons he has been refusing to disclose requested material and information as mandated by Rule 26 of the Federal Rules of Civil Procedure.

Respectfully submitted on October 21, 2013

By:   HICHAM AZKOUR, pro se

Cc: the Hon. Kevin N. Fox, U.S.M.J.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing **LETTER ADDRESSED TO THE HON. SULLIVAN ON OCTOBER 21, 2013** has been served upon the defendants' attorney of record on this 21st day of September 2013, VIA ECF/MAIL:

Andrew S. Hoffmann, Esq.

450 Seventh Avenue, Suite 1400

New York, New York 10123

Dated: October 21, 2013

By: HICHAM AZKOUR, pro se

HICHAM AZKOUR

93 Pitt Street, Apt. 3B

New York, New York 10002

Email: hicham.azkour@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HICHAM AZKOUR

       Plaintiffs,    Index No. 11-civ-5780

  -against-        DEFENDANTS' FIRST
               REQUEST FOR PRODUCTION
JEAN-YVES HAOUZI, FRANCK MAUCORT, OF DOCUMENTS
JESSICA COMPERIATI, LITTLE REST
TWELVE, INC., SHELDON SKIP TAYLOR, ESQ.
LAW OFFICES OF SHELDON SKIP TAYLOR

       Defendants.
------------------------------------------------------------------X

  Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendants hereby propounds their first request for production of the following documents for inspection and copying by defendant within 20 days at the office of Hoffmann & Associates, 450 Seventh Avenue, Suite 1400, New York, New York 10123.:

## DEFINITIONS AND INSTRUCTIONS

  A. As used herein, "plaintiff" shall mean Hicham Azkour.

  B. As used herein, "defendants" shall mean Little Rest Twelve, Inc. (and any related entities or persons acting on its behalf), Jean-Yves Haouzi, Franck Maucort, Jessica Comperiati, Sheldon Skip Taylor, Esq. and Law Offices of Sheldon Skip Taylor.

  C. In producing the documents or things called for by this request, plaintiff is requested to segregate the documents produced according to the number or numbers of the request(s) herein to which they relate.

D. Each document produced in response to this request shall be the original document, as well as any draft or non-identical copy thereof.

E. Unless otherwise indicated, documents shall be those prepared in or concerning the period October, 2009 through the date this document request is fully complied with.

## DOCUMENTS REQUESTED

1. The "employment contract" entered into between plaintiff and defendant Little Rest Twelve, Inc. on or about October 10, 2009 as alleged in paragraph 36 of plaintiff's third amended complaint.

2. Any documents supporting plaintiff's claim that defendant Little Rest Twelve, Inc. hired him as a "waiter."

3. Any documents supporting plaintiff's claim that defendant Little Rest Twelve, Inc. "compelled" plaintiff to work as a busboy and food runner.

4. Any documents supporting plaintiff's claims regarding the conversations he had with defendant Maucort on March 30, 2010 and April 1, 2010 as alleged in paragraphs 48-54 in plaintiff's third amended complaint.

5. Any documents supporting plaintiff's claim that defendants refused to provide him with a letter of reference.

6. Any documents supporting plaintiff's claim that defendants gave negative professional references to employers seeking to inquire about plaintiff's employment with defendant.

7. Any documents supporting plaintiff's claim that defendants terminated the employment of all Moroccan employees because they suspected them of being "Muslim Arabs."

8. Any other documents plaintiff intends to rely upon at trial in this matter.

Dated:   New York, New York
         October 8, 2013

                                          HOFFMANN & ASSOCIATES

                                    By:   _____
                                          Andrew S. Hoffmann, Esq.
                                          *Attorneys for Defendants Jean-Yves Haouzi,*
                                          *Franck Maucort, Jessica Comperiati, Little*
                                          *Rest Twelve, Inc., Sheldon Skip Taylor, Esq.*
                                          *and Law Officers of Sheldon Skip Taylor*
                                          450 Seventh Avenue, Suite 1400
                                          New York, New York 10123
                                          Tel.: (212) 679-0400


TO:   **HICHAM AZKOUR**
      93 Pitt Street, Apt 3B
      New York, NY 10002