Hon. Richard J. Sullivan, U.S.D.J,
Thurgood Marshall
United States Courthouse
Room 905
40 Foley Square
New York, NY 10007

HICHAM AZKOUR
93 Pitt Street, Apt. 3B
New York, New York 10002

Email: hicham.azkour@gmail.com

November 1, 2013

**Hand Delivered**

Re: *Azkour v. Little Rest Twelve, et al.*, <u>10-cv-4132 (RJS)(KNF)</u>

Dear Judge Sullivan:

On October 21, 2013, I submitted a letter to this Court requesting permission to file a motion for injunctive relief in reference to Defendant's continuing refusal to provide me with a post-employment reference letter. *See* <u>Docket Entry No. 178.</u>

I withdraw such a request and, instead, submit the present pre-motion letter requesting permission to file a <u>motion for a preliminary injunction</u> prohibiting Defendant's continuing and inexplicable refusal to provide me with a post-employment letter. Evidently, the Court will determine additional legal and equitable relief as per my motion for summary judgment filed with this Court on August 30, 2013. *See* <u>Docket Entry No. 162.</u>

A preliminary injunction is an "extraordinary remedy." *Winter v. Natural Res. Del: Council,* <u>555 U.S. 7, 24 (2008)</u>. "A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest." *Winter,* <u>555 U.S. at 20</u>. In the Second Circuit, a plaintiff may satisfy the first element of this inquiry by establishing "either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Salinger v. Coking,* <u>607 F.3d 68, 79 (2d Cir. 2010)</u>. Finally, a plaintiff bears the burden of demonstrating "by a clear showing" that the necessary elements are satisfied. *Mazurek v. Armstrong,* <u>520 U.S. 968, 972 (1997).</u> Failure to satisfy this burden for any one of the elements is fatal to a preliminary injunction claim. *eBay Inc. v. MercExchange, L.L.C.,* <u>547 U.S. 388, 391 (2006)</u> ("According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief").

1

## 1. Likelihood of Success on the Merits

To establish a likelihood of success on the merits, a plaintiff "need not show that success is certain, only that the probability of prevailing is 'better than fifty percent.'"*BigStar Entm't, Inc. v. Next Big Star, Inc.,* 105 F. Supp. 2d 185, 191 (S.D.N.Y. 2000)(quoting *Wali v. Coughlin,* 754 F.2d 1015, 1025 (2d Cir. 1985)). On March 27, 2012, this Court determined that I prevailed on the merits and granted my motion for partial summary judgment as to my FLSA and NYLL minimum wage and overtime claims, NYLL spread-of-hours claim, FLSA and NYLL retaliation claims, and liquidated damages claims. *See* Docket Entry No. 73.

## 2. Irreparable Harm

A finding of "irreparable harm" requires "an injury that is not remote or speculative but actual and imminent, and for which a monetary award cannot be adequate compensation." *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.,* 60 F.3d 27, 37 (2d Cir. 1995) (internal quotation marks omitted). While a "showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction," *Faiveley Transp. Malmo AB v. Wabtec Corp.,* 559 F.3d 110, 118 (2d Cir. 2009)(internal quotation marks omitted), `the decision to grant or to deny a preliminary injunction depends in part on a flexible interplay between the likelihood of success and irreparable harm,'" *XL Specialty Ins. Co. v. Level Global Investors, L.P.,* 874 F. Supp. 2d 263, 270-71 (S.D.N.Y. 2012) (quoting *Packard Instrument Co. v. ANS, Inc.,* 416 F.2d 943, 945 (2d Cir. 1969)). Accordingly, a clear likelihood of success on the merits requires a relatively lesser showing of harm.

In the instant matter, it is clear that I have heretofore suffered irreparable harm. Any other equitable or legal relief granted by this Court will not repair any harm of continuing, long-term unemployment for lack of recent employment reference. As this Court is aware, since February 8, 2010, I have been unable to obtain comparable, alternative employment because Defendant has so far refused to provide me with a post-employment reference letter. All the employers with which I was able to have interviews inquired about my *last employer*. Each time I was asked that specific question, I was unable to prove that I had worked for Defendant. Consequently, all these prospective employers declined to extend any *employment offer*. Defendant contends that I need not be furnished with any reference letter and, instead, suggests that I omit referring to my employment with them when seeking employment. *See* Docket Entry No. 165 at ¶ 12 and Docket Entry No.166 at ¶¶ 7-8. Defendant also suggests that I misrepresent my past employment experience by denying that I ever worked for Little Rest Twelve, Inc. *Id.* Such unethical suggestions will only cause me more irreparable harm.  If I am hired by an employer and the latter diligently discovers, after background check, that I misrepresented my past employment experience or omitted to include past employers on my application, such employer will definitely terminate me and may eventually initiate further actions against me.

This being said, it is understood that my injury is not remote or speculative. It is actual and imminent. No monetary award can be adequate compensation for this type of harm.

### 3. **Balance of the Hardships**

"[T]he balance of hardships inquiry asks which of the two parties would suffer most grievously if the preliminary injunction motion were wrongly decided." *Tradescape.com v. Shivaram,* 77 F. Supp. 2d 408, 411 (S.D.N.Y. 1999). Here, the balance of hardships tips in my favor, not Defendant's favor, as a denial of my motion would prevent me and other aggrieved employees from seeking alternative, comparative employment for want of professional references. Moreover, issuing professional reference letters will not constitute any hardship for Defendant as an employer. Providing neutral letters of reference to employees is a standard, normal practice, to which all employers adhere.

### 4. **The Public Policy**

Finally, the Court is aware that Defendant's refusal to provide such a letter is a furtherance of its retaliatory practice, which is prohibited by 29 U.S.C. § 215(a)(3). Any preliminary injunctive relief is an efficient remedy, which is clearly mandated by the public policy mandates and the Congress findings as to labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers. *See* 29 U.S.C. § 202.

**WHEREFORE,** for the reasons set forth above, I respectfully request that this Court grant me permission to file a motion for preliminary injunction prohibiting Defendant from further denying me a post-employment reference letter.

Respectfully submitted on this 1st day of November, 2013

By:     HICHAM AZKOUR, pro se
_____