UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

HICHAM AZKOUR,

*Plaintiff,*

v.

LITTLE REST TWELVE, INC, *ET AL.,*

*Defendants.*

Civil Action No. 10-CV-4132 (RJS)(KNF)

PLAINTIFF'S RESPONSE TO DEFENDANT'S *CONDITIONAL* OFFER TO ISSUE A LETTER OF PROFESSIONAL REFERENCE

HICHAM AZKOUR, pro se

93 Pitt Street, Apt. 3B

New York, New York 10002

Email: hicham.azkour@gmail.com

1

On December 20, 2013, defendant Little Rest Twelve, Inc. (Defendant) submitted a letter ("Letter") to the Court proposing to provide pro se plaintiff ("Plaintiff") with a post-employment letter of reference ("reference letter") contingent, *inter alia,* upon the condition that this letter should not be used against them in the instant matter and the related matter *Azkour v. Haouzi, et al.,* 11-CV-5780(RJS)(KNF) ("Civil Rights Action").

While responding to the Letter, Plaintiff does not waive his right to be heard on his motion for preliminary injunctive relief. *See* Docket Entries Nos. 181 and 182.

In their Letter, Defendant falsely contends, despite the evidence and without direct knowledge thereof, that Plaintiff did not request a letter of reference form the former managers of defendant Little Rest Twelve, Inc. It also falsely contends that Plaintiff has never requested the same document from the new managers of Ajna Bar – a restaurant that closed its doors almost a year ago[1]. In their Letter, Defendant proposes that, in order to provide Plaintiff with said letter, he should sign a stipulation agreeing to the conditions enumerated in the Letter and, as such, Defendant will not be held liable, whether in the past or the future, for its refusal to timely provide Plaintiff with a reference letter.

The Court, on or about December 24, 2013, issued an Order endorsing Defendant's Letter and Ordered the parties to file their stipulation no later than January 10, 2014. *See* Docket Entry No. 183.

---

[1] We have no clue how Defendant will issue a reference letter, date it, and sign it on the letterhead paper of an establishment that is currently and definitively closed. It is also pertinent to remind this Court that defendant Jean-Yves Haouzi left the United States and permanently lives in Paris, France now. He does not manage the daily operations of Little Rest Twelve, Inc. because, except for pending litigations, there is nothing to manage.

Plaintiff wholeheartedly accepts Defendant's reference letter to use for his employment search. However, Plaintiff rejects any conditions attached to the issuance of such letter. Imposing conditions as to the issuance of a reference letter to Plaintiff is *further evidence of retaliation and discrimination and the Court should not have endorsed any such offer*. The latter is also trickery in a series of the abominable trickeries that has so far characterized Defendant's egregious conduct and prompted Plaintiff to request punitive damages in a 1 to 1 ratio. *See* Docket Entry No. 169, 170, 171, 172 and 173.

Considering the fact that Defendant was found liable to Plaintiff, its counsel and officers are not in a position to dictate terms or conditions upon Plaintiff so that he may enjoy an established contractual right. According to the Second Circuit's case law, Defendant is under the obligation to issue the reference letter *without* pre-conditions or conditions.

This being said, Plaintiff honestly proposed, on December 23, 2013, a counter-offer, which rather invites both parties to sign an amicable settlement agreement. In a letter addressed to Plaintiff, *see* EXHIBIT A, Defendant refused to resolve the pending matters amicably and stated that Plaintiff did not understand the context of its Letter. Defendant's refusal is evidence of its bad faith.

Plaintiff understands English perfectly. However, an absurd offer such as Defendant's, which constitutes nothing but further evidence proving its acts of discrimination and retaliation, led Plaintiff to believe - especially the word "stipulation" - that Defendant is seeking a closure to the litigation. Defendant's offer is so irrational that no reasonable person would believe that, in the context of the instant matter, such offer is made by an attorney. Apparently, Defendant does not seek an amicable resolution.

Instead, as the letter addressed to Plaintiff demonstrates, Defendant requires that the resolution of the pending matters be decided by the Court and/or a jury. Defendant, which is also a plaintiff in a pending litigation against its former

3

managers or "interlopers", would like to use the Court's decisions as evidence to prove and recover damages for acts of alleged mismanagement, embezzlement, and fraud.

Plaintiff understands the position of Defendant and its attorneys. And this Court should grant them such privilege by rendering a decision on Plaintiff's damages. The highest is the amount awarded to Plaintiff; the better is Defendant's chance to recover its damages from the "interlopers". In fact, Defendant does not care if this Court awards Plaintiff a 2 to 1 ratio in punitive damages. However, as shown by <u>EXHIBIT B</u>, this Court is mandated by the U.S. Court of Appeals to ascertain Plaintiff's damages no later than <u>January 19, 2014</u>. Plaintiff will be embarrassed if he has to disturb the U.S. Court of Appeals with another request for mandamus.

**Wherefore**, Plaintiff respectfully requests that the Court:

1. Grant his motion for preliminary injunctive relief;

2. Ascertain his damages no later than January 19, 2014, as mandated by the U.S. Court of Appeals.

Respectfully submitted on this 26th day of December, 2013

By:     HICHAM AZKOUR, pro se

# EXHIBIT A

**HOFFMANN & ASSOCIATES**
Attorneys at Law
450 Seventh Avenue, Suite 1400
New York, New York 10123
Tel. (212) 679-0400
Fax (212) 679-1080

ANDREW S. HOFFMANN*

TRAM D. LOPRESTO

*Admitted in New York and Ohio

December 23, 2013

Mr. Hicham Azkour
93 Pitt Street, Apt 3B
New York, New York 10002

        Re:    Hicham Azkour v. Little Rest Twelve, Inc., Nina Zajic, David Kay, and Abderrahmane a/k/a Peter Eljastimi

             Index No. 10 Civ. 4132 (RJS)(KNF)

Dear Mr. Azkour,

      We are in receipt of your letter sent to us via fax earlier today. We don't believe you fully understand the context of our letter to you dated December 20, 2013. To be clear, we are not looking to settle the pending actions you commenced in Federal Court against our clients.

      You have filed a motion seeking an injunction compelling Little Rest Twelve, Inc. to provide you with a letter of reference. Despite our disagreement with you about whether you are entitled to such a letter, we are willing to provide you with one as I described in my December 20th letter on the condition that you stipulate that it would be without prejudice and could not be cited by you in your lawsuits as some kind of admission on our part.

      We are not trying to get you to give up your claims, only to try to assist you in your claimed difficulty in finding job.

      If this is agreeable, please let me know and I will send you a proposed stipulation for your review. If it is not acceptable to you, please advise and I will submit my client's opposition to your motion for injunctive relief.

                                     Very truly yours,

                                       Andrew S. Hoffmann

cc:    Richard J. Sullivan, U.S.D.J.

# EXHIBIT B

# MANDATE

S.D.N.Y.– N.Y.C.
10-cv-4132
Sullivan, J.
Fox, M.J.

S.D.N.Y.– N.Y.C.
11-cv-5780
Sullivan, J.
Fox, M.J.

## United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of July, two thousand thirteen.

Present:

    José A. Cabranes,
    Reena Raggi,
    Richard C. Wesley,
        *Circuit Judges*.

---

*In re* Hicham Azkour,                                                                 13-1925

            *Petitioner.*

---

Petitioner, *pro se*, has filed a petition for a writ of mandamus and moves for leave to proceed *in forma pauperis*. Specifically, he requests a writ of mandamus directing the district court to: (1) in S.D.N.Y. Docket No. 10-cv-4132 ("the FLSA Action"), rule on the amount of damages and issue a writ of attachment against the defendant's assets; and (2) in S.D.N.Y. Docket No. 11-cv-5780 ("the Civil Rights Action"), rule on a motion for judgment on the pleadings.

Upon due consideration, it is hereby ORDERED that the motion for leave to proceed *in forma pauperis* is GRANTED for the purpose of filing the mandamus petition. It is further ORDERED that, to the extent Petitioner seeks a writ of mandamus directing the district court to rule on the amount of damages in the FLSA Action, the mandamus petition is DENIED without prejudice to renewal if the district court fails to take further action on the matter within six months of the date of this order.

SAO-APK

MANDATE ISSUED ON 08/13/2013

It is further ORDERED that to the extent Petitioner seeks a writ of mandamus directing the district court to issue a writ of attachment in the FLSA action, the mandamus petition is DENIED because Petitioner has not demonstrated a "clear and indisputable right" to such relief. *See In re Steinhardt Partners, L.P.*, 9 F.3d 230, 233 (2d Cir.1993). It is further ORDERED that to the extent Petitioner requests that this Court order the district court to rule on Petitioner's motion for judgment on the pleadings filed in his Civil Rights Action, the mandamus petition is DENIED because Petitioner has not demonstrated that he lacks an adequate, alternative means of obtaining relief. *See In re von Bulow*, 828 F.2d 94, 98 (2d Cir. 1987).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

2