UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

HICHAM AZKOUR,

*Plaintiff,*

v.

LITTLE REST TWELVE, INC, *ET AL.,*

*Defendants.*

Civil Action No. 10-CV-4132
(RJS)(KNF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/7/14

---

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS RESPONSE
TO DEFENDANT'S CONDITIONAL OFFER TO ISSUE A LETTER OF
PROFESSIONAL REFERENCE (DOCKET ENTRY NO. 184)

---

HICHAM AZKOUR, pro se
93 Pitt Street, Apt. 3B
New York, New York 10002

Email: hicham.azkour@gmail.com

In Plaintiff's response to the Court Order, Docket Entry No. 183, endorsing Defendant's request to enter into a stipulation with Plaintiff for the purpose of issuing to him a conditional post-employment letter of reference, Plaintiff did not state the reasons why a stipulation, as a matter of law, is not acceptable in the instant matter. *See* Docket Entry No. 184.

The terms of the stipulation proposed by Defendant prohibit Plaintiff from asserting any contractual right within the scope of an employment relationship, including liabilities as to Defendant's past, present, and, eventually, future violations of Plaintiff's established rights under the Fair Labor Standards Act ("FLSA") and the Civil Rights Act of 1866, codified as 42 U.S.C. § 1981. In particular, it undermines most of Plaintiff's claims in both the instant matter and in the related action docketed as *Azkour v. Haouzi, et al.*, 11-CV-5780 (RJS)(KNF) ("Civil Rights Action").

The stipulation proposed by Defendant, with its unreasonable and unfair conditions, is a contract purported to settle a central issue in this case. However, considering public policy requirements under the FLSA, courts are required to supervise any agreement or stipulation of substance for fairness. In this very instance, it is undeniable that Defendant's proposed stipulation is an illegal contract and, under such circumstances, the courts will generally "refuse to aid in it but leave the parties where they are" (*Spivak v Sachs*, 16 NY2d 163, 168 [1965]; *see also McConnell v Commonwealth Pictures Corp.*, 7 NY2d 465 [1960]). As the proposed stipulation in question was against public policy, this Court should neither endorse it nor assist either party in enforcing it.

If Plaintiff had entered into the proposed agreement with Defendant, he would have been now unable to proceed with his discrimination claim in the Civil Rights Action, let alone recover damages, if any. "'[I]t is the settled law of this State * * * that a party to an illegal contract * * * cannot ask a court of law to help him carry out his illegal object, nor can such a person plead or prove in any court a case in which he, as a basis for his claim, must show forth his illegal purpose.'" *See United Calendar Mfg. Corp. v. Huang,* 463 N.Y.S.2d 497, 94 A.D.2d 176 (2d Dep't 1983).

Moreover, *without scrutiny*, by endorsing Defendant's letter to enter with Plaintiff into such a deceitful agreement, not only did this Court ignore New York State law, but it also simply undermined federal law. Under both federal and state law, illegal agreements, as well as agreements contrary to public policy, have long been held to be unenforceable and void, *see Kaiser Steel Corp. v. Mullins,* 455 U.S. 72, 102 S.Ct. 851, 70 L.Ed.2d 833 (1982); *Walters v. Fullwood,* 675 F.Supp. 155 (S.D.N.Y.1987); *Silvera v. Safra,* 361 N.Y.S.2d 250, 79 Misc.2d 919 (Sup.Ct.N.Y.Cty.1974), and even where a contract is not itself unlawful, the bargain may still be illegal under New York law if it is closely connected with an unlawful act. *Contemporary Mission, Inc. v. Bonded Mailings, Inc.,* 671 F.2d 81 (2d Cir.1982).

The same principle demands that rights in or arising out of illegal, unfair FLSA settlements not be recognized. And this Court, contrary to its decision in the present matter, appears to subscribe to such principle. In *Jie Sheng Lin, et al., v. Sunny On 3rd, Inc., et al.,* No. 12 Civ. 5927 (RJS) (SN), the Court, on January 4, 2013, almost a year ago, opined:

3

As a matter of substance, a court that presides over settlement in an FLSA case must determine that the settlement is fair and reasonable. A court may accept a proposed settlement if it reflects "a reasonable compromise over contested issues." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354. "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *McMahon v. Olivier Cheng Catering & Events, LLC*, No. 08 Civ. 8713 (PGG), 2010 WL 2399328, at *6 (S.D.N.Y. Mar. 3, 2010) (citing *Lynn's Food*, 679 F.2d at 1353 n.8 (11th Cir. 1982)).

In yet another case, this Court, in its strict adherence to the same principle, literally repeats the argument above. *See Kevin Johnson, et al., v. 7C's Maintenance Co., Inc.*, No. 12 Civ. 1621 (RJS) (SN)( S.D. N.Y. Jan. 28, 2013).

Accepting Defendant's terms and conditions *in exchange* for the issuance of a reference letter amounts to Plaintiff's waiver of his claims in both the present matter and the Civil Rights Action. As the Court seems to be aware, the FLSA "places 'strict limits on an employee's ability to waive claims for fear that employers [will] coerce employees into settlement and waiver.'" *Mosquera v. Masada Auto Sales, Ltd.*, No. 09-CV-4925 (NGG), 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011) (quoting *Lev. SITA Info. Networking Computing USA, Inc.*, 07-CV-86 (JS), 2008 WL 724155, at *1 (E.D.N.Y. March 13, 2008)). "There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." *Joo v. Kitchen*

4

*Table, Inc.*, 763 F. Supp. 2d 643, 644 (S.D.N.Y. 2011)(quoting *Manning v. New York Univ.*, No. 98 Civ. 3300 (NRB), 2001 WL 963982, at *13 (S.D.N.Y. Aug. 22, 2001)). First, 29 U.S.C. § 216(c) expressly authorizes the Secretary of Labor "to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees ...." Second, "when employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Joo*, 763 F. Supp. 2d at 644 (quoting *Manning*, 2001 WL 963982, at *13); *see also Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir.1982).

**WHEREFORE**, for the reasons set forth above, Plaintiff respectfully requests that this Court:

1. Deny Defendant's request to file any dilatory, vexatious opposition to Plaintiff's motion for preliminary injunctive relief;

2. Grant Plaintiff his motion for a preliminary injunction, requiring Defendant to issue an unconditional post-employment letter of reference; and

3. Timely ascertain Plaintiff's damages as mandated by the U.S. Court of Appeals Order issued on July 19, 2013. *See In re Hicham Azkour*, <u>USCA Docket Entry No. 36.</u>

Respectfully submitted on January 7, 2014

By:   HICHAM AZKOUR
_____
*[signature]*