| | |
|---|---|
| The Hon. Richard J. Sullivan, U.S.M.J.<br>Thurgood Marshall<br>United States Courthouse,<br>Room 905<br>40 Foley Square<br>New York, NY 10007 | HICHAM AZKOUR<br>93 Pitt Street,<br>Apt. No. 3B<br>New York, NY 10002<br><br>Email: hicham.azkour@gmail.com |

March 27, 2014

**Via ECF**



Re:   *Azkour v. Little Rest Twelve, Inc.*, 10-cv-4132 (RJS)(KNF)

   *Azkour v. Haouzi, et al.*, 11-cv-5780(RJS)(KNF)

Dear Judge Sullivan:

The present letter is not a motion for reconsideration of this Court Order at Docket Entry No. 187. A motion for reconsideration will be timely filed and all disputed issues of fact as raised by this Court or by Defendant will be resolved by a fact finder at a jury trial.

The present letter is a request to seek certification from this Court to appeal from said Order to the U.S. Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1292(b). In the aforementioned Order, the Court raised questions of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation[1]. The questions of law are:

---

[1] Unfortunately, this Court wrongly believes that I am "angrily" "interested in antagonizing Defendant and continuing this litigation." This is a gross speculation and it is not supported by any evidence. In fact, I firmly believe that the Court's determination relative to the parties motions for summary judgment was purposefully meant to delay the resolution of the instant matter, a fact we will be able to prove to the the U.S. Court of Appeals for the Second Circuit.

1

This Court determined that there is a factual dispute as to Plaintiff's duty to mitigate his damages. The Court's reviewed, considered, and relied upon the inadmissible testimonies of two undisclosed witnesses. See Docket Entries No. 165 and 166. Nothing in the Report & Recommendation of the Hon. Kevin N. Fox at Docket Entry No. 91 suggests that these witnesses had been disclosed to me or to my former attorney. Neither one of us had had the opportunity to examine them. Can this Court rely on the inadmissible testimonies of undisclosed witnesses to rule on a motion for summary judgment?

On October 12, 2012, I presented to this Court evidence consisting of the psychiatric evaluation of a New York State licensed psychiatrist and the report of a licensed social worker *see* Docket Entry No. 138. Both these mental health professionals reached the conclusion that I am clinically stable and that I am motivated to seek employment. The Court ignored these trained practitioners' diagnoses and, for some somber reasons, decided to consider questionable evidence to prove my alleged severe mental illness and, thus, shield Defendant from its liability as to my continued unemployment. The Court, for example, did not review and consider my statements in my declaration supporting my request for preliminary injunctive relief. *See* Docket Entry No. 182. To reach the conclusion that I am not entitled to *full* back pay and front pay, the Court, it appears, deliberately misquoted two cases where both plaintiffs were, in fact, found disabled by the Social Security Administration, received disability benefits, and as such, could not be awarded any back pay. See *Thornley v. Penton Pub., Inc.*, 104 F.3d 26, 31 (2d Cir. 1997); *see also Morley v. Ciba-Geigy Corp.*, 122 F.3d 1056, 1997 WL 570789, at *2 (2d Cir. 1997).

The Court's statement that mentally ill people cannot work is a form of bigotry. In my case, this Court has discreetly expressed a deep sense of bias towards poor and displaced people. I personally know people with the Down syndrome or suffering from Bipolar Disorder, for example, who work on a daily basis and perform their jobs in a satisfactory fashion. This Court has made a biased decision based upon its own false observations of my behavior, rather than on the testimony of medical experts. And even if, arguendo, I were mentally ill as not to be able to work, it seems that medicine was engineered to have mentally ill people find a balance between their profession and their health. The Court's ill-willed judgment is unacceptable. Anyway, the controlling questions as to this issue are: Can this Court make a decision as to the mental health

status of a litigant by ignoring the reports of his treating practitioners and relying on laymen's subjective and questionable testimony? Can this Court override the objective, unbiased assessment of such practitioners and base its summary judgment upon its own uninformed assessment or upon the false premise that all individuals who are temporarily housed by a shelter for the mentally ill and the drug addicts are necessarily mentally ill, drug addicts, and disabled as not to be able to work?

I pray the Court to be of the opinion that these questions need be determined by the Second Circuit – if it has not yet been done, because such issues may control the outcome of this litigation. The Court, it appears, has been diligent in expediting the resolution of the present matter and I am thankful for such act of grace and impartiality. However, any unresolved issue referred to the Second Circuit will make the resolution of the instant matter far from being simply a biased mischaracterization by this Court of my strife as revenge, an act of antagonism by an obsessive, compulsive, "angry", and mentally ill litigant.

Respectfully submitted,

HICHAM AZKOUR, pro se

3