**HOFFMANN & ASSOCIATES**
Attorneys at Law
450 Seventh Avenue, Suite 1400
New York, New York 10123
Tel. (212) 679-0400
Fax (212) 679-1080

ANDREW S. HOFFMANN*

TRAM D. LOPRESTO

*Admitted in New York and Ohio

May 12, 2014

**Via ECF**
Richard J. Sullivan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, New York 10007

                                                  Re:     Azkour v. Little Rest Twelve, Inc., et al.
                                                               Index No. 10 Civ. 4132 (RJS)(KNF)
                                                               Index No. 11 Civ. 5780 (RJS)(KNF)

Dear Judge Sullivan,

       As Your Honor is aware, we represent defendants in each of the above-captioned actions commenced by Hicham Azkour.

       By Order dated April 4, 2014 Your Honor issued plaintiff a "last warning" about his behavior in these matters.  Your Honor ruled that [I]f plaintiff ever again makes any statement targeted towards defendants' counsel that could, in any way, be construed as offensive or threatening, the Court will sanction plaintiff $1,000.

       Unfortunately it took plaintiff only several weeks to willfully violate the Court's clear and unambiguous directive.

       On May 1, 2014 plaintiff filed a letter addressed to Your Honor entitled "Opposition to Defendants' Request to Modify the Pre-Trial Scheduling Order and Extend the Discovery Completion Deadline" (Docket No. 205).  In this letter plaintiff included two separate statements that were utterly offensive and directed towards defendants' counsel and thus in flagrant violation of the Court's April 4, 2014 Order.

The first offensive statement is found on page two of the letter, wherein plaintiff wrote:

> "When the latter provided him with the same answers for the same questions he posed, Counsel's mood and tone used to change so dramatically as to reflect a "disturbance in behavior, feeling, thinking, or judgment", *see* Section 1.03(20) of the New York Mental Hygiene Law ("N.Y.M.H.L."), to such an extent that Plaintiff started doubting counsel's ability to complete the deposition."

The second offensive statement is found on page three of the letter, wherein plaintiff wrote:

> "The very fact of deposing Plaintiff, while alleging that he is a dangerous, mentally ill individual, who may pose a risk of harm to counsel and/or himself, automatically gives rise to either one of the following concerns: (1) Defendant's counsel lacks the required sound judgment and mental capacity for an attorney to perform his duty…"

Finally, in a letter addressed to Magistrate Judge Fox in the companion case filed by plaintiff under Docket No. 11 Civ. 5780 dated May 5, 2014 (Docket No. 168) plaintiff, at page two thereof, repeated one of the offensive comments about defendants' counsel contained in his May 1, 2014 letter to Your Honor:

> It is not clear if such evidence is reliable, admissible, and was ethically obtained. The very fact of deposing Plaintiff, while alleging that he is a delusional, psychotic, and schizophrenic individual, who may pose a risk of harm to counsel and/or himself, and who is disconnected from reality due to these severe mental impairments, automatically gives rise to either one of the following concerns: (1) Counsel lacks the required sound judgment and mental capacity for an attorney to perform his duty…"

Defendants respectfully submit that there can be no dispute that referring to the conduct of defendants' counsel in a deposition as reflecting a "disturbance in behavior, feeling, thinking or judgment" within the meaning of the Mental Hygiene law and questioning his "ability to complete the deposition" is highly offensive and inappropriate. Moreover, plaintiff's statement that defendants' counsel's actions give rise to a concern about whether he "lacks the required sound judgment and mental capacity for an attorney to perform his job" is precisely the kind of offensive and *ad hominen* attack that the Court has repeatedly warned plaintiff about.

It is apparent that plaintiff has taken the Court's extraordinary leniency towards him as further license to use the lawsuits he has commenced as a vehicle for personal attack and the continuation of his misguided vendetta upon anyone even remotely connected to defendants. As an attorney simply doing my job to represent a client, I deeply resent plaintiff's personal attacks and once again request that the Court take appropriate action as it has promised to do.

Accordingly, defendants respectfully request that the Court impose the sanction of $1,000 against plaintiff for each of the three distinct violations of the Court's April 4, 2014 Order described herein, and further order that such amounts be deducted from any judgment plaintiff may obtain in the FLSA case pending before the Court.

Respectfully submitted,

Andrew S. Hoffmann

cc: Hicham Azkour