**HOFFMANN & ASSOCIATES**
Attorneys at Law
450 Seventh Avenue, Suite 1400
New York, New York 10123
Tel. (212) 679-0400
Fax (212) 679-1080

ANDREW S. HOFFMANN*

TRAM D. LOPRESTO

*Admitted in New York and Ohio

May 12, 2014

**Via ECF**
Richard J. Sullivan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 640
New York, New York 10007

        Re:    Azkour v. Little Rest Twelve, Inc., et al.
               Index No. 10 Civ. 4132 (RJS)(KNF)

Dear Judge Sullivan,

    As you know, we represent defendants in the above-captioned matter.

    The purpose of this letter is to respond to number of applications made by plaintiff in recent days concerning this case.

    Plaintiff has requested that the Court extend the anticipated length of the jury trial scheduled for this matter in July 2014 to fifteen (15) days, and that the Court direct defendants to provide medical and psychological records for nine (9) individuals plaintiff believes are associated with defendants.

    This application is patently frivolous. The medical and psychological condition of defendants' witnesses in this case are not at issue in any way, and thus plaintiff has no entitlement to their medical or psychological records. Moreover, the parties both advised the Court at the conference held before Your Honor on April 17, 2014 that the trial would last only two (2) days. Defendants urge the Court not to permit plaintiff to turn this proceeding into a circus. The issues in dispute concerning plaintiff's entitlement to back pay and punitive damages are narrow and discrete and can easily be litigated within two days.

Plaintiff has also requested that the Court compel the "presence and testimony of Joseph Gil and Inna Gudavadze" for the jury trial to be held on this case. Plaintiff's moving papers fail to identify any reason why he believes either of these two individuals has knowledge or information material to the limited and discrete issues in dispute in this case. As such, plaintiff's applications should be denied.

Finally, plaintiff has requested that the Court issue a "judgment" declaring that he is entitled to court costs, including medical expert fees. Defendants contend that plaintiff's application is premature and that his entitlement to statutory costs should and must be determined at the conclusion of the case. To the extent plaintiff wishes to have himself evaluated by a mental health expert, it is his own burden to effectuate such an examination and his entitlement to recovery of any costs associated therewith ultimately depends on the final disposition of the litigation. Accordingly, plaintiff's application should be denied in all respects.

Respectfully submitted,

Andrew S. Hoffmann

cc:   Hicham Azkour