UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HICHAM AZKOUR,

Plaintiff,

-v-

LITTLE REST TWELVE,

Defendant.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **5/14/14**

No. 10 Civ. 4132 (RJS) (KNF)
ORDER

RICHARD J. SULLIVAN, District Judge:

On October 25, 2013, in the related case of *Azkour v. Haouzi, et al.*, 11 Civ, 5780 (RJS) ("Civil Rights Case"), the Court ordered Plaintiff show cause why he should not be sanctioned. (Civil Rights Case Doc. No. 133.) The Court issued that Order in response to numerous insulting and possibly threatening comments Plaintiff made against Defendant's counsel in Plaintiff's October 18, 2013 submission to the Court in the Civil Rights Case. (*See* Civil Rights Case Doc. No. 118.) Ultimately, in an Order dated April 2, 2014, the Court decided not to sanction Plaintiff. (Civil Rights Case Doc. No. 164.) The Court was very clear, however, that that was Plaintiff's "last warning." (*Id.*) The Court stated that:

> If Plaintiff ever again makes any statement targeted towards Defendants' counsel that could, in any way, be construed as offensive or threatening, the Court will sanction Plaintiff $1,000. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal quotation marks omitted) (A district court has inherent power "to impose silence, respect, and decorum, in [the court's] presence, and submission to [the court's] lawful mandates."). That amount will be deducted from any judgment that Plaintiff obtains in either [the Civil Rights Case or this case].

(*Id.*)

On April 30, 2014, just a few weeks after the Court gave Plaintiff that last warning, Plaintiff

submitted a letter that included two arguably offensive statements targeted towards Defendant's

counsel. (Doc. No. 205.) Specifically, Plaintiff stated:

> When the [Plaintiff] provided [Defendant's counsel] with the same answers for the
> same questions he posed [at a deposition], Counsel's mood and tone used to change
> so dramatically as to reflect a "disturbance in behavior, feeling, thinking, or
> judgment", see Section 1.03(20) of the New York Mental Hygiene Law
> ("N.Y.M.H.L."), to such an extent that Plaintiff started doubting counsel's ability
> to complete the deposition.
>
> . . .
>
> The very fact of deposing Plaintiff, while alleging that he is a dangerous, mentally
> ill individual, who may pose a risk of harm to counsel and/or himself, automatically
> gives rise to either one of the following concerns: (1) Defendant's counsel lacks the
> required sound judgment and mental capacity for an attorney to perform his duty .
> . . .

(Doc. No. 205 at 2–3.) Plaintiff made similar statements in a May 5, 2014 submission in the Civil

Rights Case. (Civil Rights Case Doc. No. 168.) Predictably, Defendant has moved for sanctions.

(Doc. No. 212.)

The Court determines that Plaintiff's conduct may require sanctions. Therefore, for the

reasons set forth below, Plaintiff is ordered to show cause why he should not be sanctioned.

## I. NOTICE OF POSSIBLE SANCTIONS

"Due process requires that courts provide notice and [an] opportunity to be heard before

imposing any kind of sanctions." *Truong v. Hung Thi Nguyen*, 503 F. App'x 34, 35 (2d Cir. 2012).

"More specifically, . . . an attorney whom the court proposes to sanction must receive specific

notice of the conduct alleged to be sanctionable and the standard by which that conduct will be

assessed, and an opportunity to be heard on that matter, and must be forewarned of the authority

under which sanctions are being considered, and given a chance to defend himself against specific

charges." *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999).

2

In keeping with these requirements, the Court hereby provides the following notice:

### A. Authority

The Court proposes to sanction Plaintiff under its "inherent power." A district court has inherent power "to impose silence, respect, and decorum, in [the court's] presence, and submission to [the court's] lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal quotation marks omitted). Included in this power is the authority to sanction an attorney for making "[f]rivolous arguments with regard to a motion," *Ransmeier v. Mariani*, 718 F.3d 64, 69 (2d Cir. 2013), "or for disobeying the court's orders," *Mickle v. Morin*, 297 F.3d 114, 125 (2d Cir. 2002).

### B. Standard

"In order to impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged [conduct] was without a colorable basis and (2) the [conduct] was [done] in bad faith . . . ." *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012). "Conduct is entirely without color when it lacks any legal or factual basis; it is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the [person] whose conduct is at issue." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009). "Bad faith can be inferred when the actions taken are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." *Schlaifer*, 194 F.3d at 338 (internal quotation marks omitted). In addition, "inappropriate conduct [may] suggest[] [that] the attorney [or party] was motivated by bad faith." *Ransmeier*, 718 F.3d at 69 (2d Cir. 2013).

### C. Conduct

The Court determines the personal attacks against Defendant's counsel contained in Plaintiff's May 1 letter in this case and Plaintiff's May 5 letter in the Civil Rights Case, which

3

appear to have no relevance to the facts of either case, may be sanctionable under the above standard.

## II. CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT Plaintiff shall, no later than May 23, 2014, submit a brief showing cause why he should not be sanctioned. Plaintiff's submission may not exceed ten pages, double-spaced.

SO ORDERED.

Dated:      May 14, 2014
            New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

4