UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/2/14
```

HICHAM AZKOUR,

                        Plaintiff,

-v-

LITTLE REST TWELVE,

                        Defendant.

No. 10 Civ. 4132 (RJS) (KNF)
ORDER

RICHARD J. SULLIVAN, District Judge:

Now before the Court is Plaintiff's response to the Court's May 14, 2014 Order to Show Cause why Plaintiff should not be sanctioned. (Doc. Nos. 221, 222.) For the reasons set forth below, the Court sanctions Plaintiff $2,000.

I. BACKGROUND

On October 25, 2013, in the related case of *Azkour v. Haouzi, et al.*, 11 Civ. 5780 (RJS) ("Civil Rights Case"), the Court ordered Plaintiff show cause why he should not be sanctioned. (Civil Rights Case Doc. No. 133.) The Court issued that Order in response to numerous insulting and possibly threatening comments Plaintiff made against Defendant's counsel in Plaintiff's October 18, 2013 submission to the Court in the Civil Rights Case. (*See* Civil Rights Case Doc. No. 118.) Ultimately, in an Order dated April 2, 2014, the Court decided not to sanction Plaintiff. (Civil Rights Case Doc. No. 164.) The Court was very clear, however, that that was Plaintiff's "last warning." (*Id.*; *see also* Civil Rights Case Doc. No. 19 at 2–3 (previous warnings).) The Court stated that:

> If Plaintiff ever again makes any statement targeted towards Defendants' counsel that could, in any way, be construed as offensive or threatening, the Court will sanction Plaintiff $1,000. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal quotation marks omitted) (A district court has inherent power "to impose silence, respect, and decorum, in [the court's] presence, and submission to [the court's] lawful

mandates."). That amount will be deducted from any judgment that Plaintiff obtains in either [the Civil Rights Case or this case].

(Civil Rights Case Doc. No. 164.)

On April 30, 2014, just a few weeks after the Court gave Plaintiff that last warning, Plaintiff submitted a letter that included two arguably offensive statements targeted towards Defendant's counsel. (Doc. No. 205.) Specifically, Plaintiff stated:

> When the [Plaintiff] provided [Defendant's counsel] with the same answers for the same questions he posed [at a deposition], Counsel's mood and tone . . . change[d] so dramatically as to reflect a "disturbance in behavior, feeling, thinking, or judgment", see Section 1.03(20) of the New York Mental Hygiene Law ("N.Y.M.H.L."), to such an extent that Plaintiff started doubting counsel's ability to complete the deposition.
>
> . . .
>
> The very fact of deposing Plaintiff, while alleging that he is a dangerous, mentally ill individual, who may pose a risk of harm to counsel and/or himself, automatically gives rise to . . . the . . . concern[] [that] . . . Defendant's counsel lacks the required sound judgment and mental capacity for an attorney to perform his duty . . . .

(Doc. No. 205 at 2–3.) Plaintiff made similar statements in a May 5, 2014 submission in the Civil Rights Case. (Civil Rights Case Doc. No. 168.) Predictably, Defendant moved for sanctions. (Doc. No. 212.)

On May 14, 2014, the Court ordered Plaintiff to show cause why he should not be sanctioned for these statements. (Doc. No. 219.) In that Order, the Court notified Plaintiff of "the conduct alleged to be sanctionable[,] . . . the standard by which that conduct [would] be assessed, . . . [and] the authority under which sanctions [were] being considered." *See Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999). The Court also provided Plaintiff with "an opportunity to be heard on that matter, . . . and [gave him] a chance to defend himself against [the] specific charges." *Id.* In particular, the Court ordered Plaintiff to respond to the Order to Show Cause through written submission, not to exceed ten double-spaced pages. (Doc. No. 219 at 4.)

2

Plaintiff filed his twenty-seven-page submission and his thirteen-page declaration in support of his submission on May 23, 2014. (Doc. Nos. 221, 222.)

## II. LEGAL STANDARD

A district court has inherent power "to impose silence, respect, and decorum, in [the court's] presence, and submission to [the court's] lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal quotation marks omitted). Included in this power is the authority to sanction a person "for disobeying the court's orders," *Mickle v. Morin*, 297 F.3d 114, 125 (2d Cir. 2002).

"In order to impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged [conduct] was without a colorable basis and (2) the [conduct] was [done] in bad faith . . . ." *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012). A court may also consider a party's financial condition when setting the sanction award. *See Shangold v. Walt Disney Co.*, 275 F. App'x 72, 74 (2d Cir. 2008). "Conduct is entirely without color when it lacks any legal or factual basis; it is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the [person] whose conduct is at issue." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009). "Bad faith can be inferred when the actions taken are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." *Schlaifer*, 194 F.3d at 338 (internal quotation marks omitted). In addition, "inappropriate conduct [may] suggest[] [that] the attorney [or party] was motivated by bad faith." *Ransmeier v. Mariani*, 718 F.3d 64, 69 (2d Cir. 2013).

The Court notes that "when the district court invokes its inherent power to sanction misconduct by an attorney that involves that attorney's violation of a court order or other misconduct that is not undertaken for the client's benefit, the district court need not find bad faith before imposing a sanction under its inherent power." *United States v. Seltzer*, 227 F.3d 36, 42 (2d Cir. 2000). Here, however,

3

because Plaintiff is not an attorney and is not an "officer[] of the court," *id.*, the Court will not impose any sanction absent a finding of bad faith.

### III. DISCUSSION

Plaintiff makes no effort to argue that his statements should not be "construed as offensive." Further, he does not propose any proper purpose that those offensive statements could serve. Instead, Plaintiff (1) accuses the Court of "join[ing] [defense] counsel in his foul play" (Doc. No. 221 at 2); (2) "question[s] counsel's judgment . . . [and] this Court's as well" (*id.*); (3) accuses Defendant of perjury (*id.* at 3); (4) complains about the Court's previous ruling in this case (*id.* at 5–8); (5) accuses the Court of "bias and hostility" (*id.* at 8); (6) claims that the offensive statements are factually accurate (*id.* at 9–10); and (7) claims that the Court cannot sanction him because the Court has not yet explicitly made a finding of bad faith (*id.* at 11). In his declaration, Plaintiff denies an intent to "harass, offend, demean, or disparage Defendant's counsel" (Doc. No. 222 ¶ 5) and appears to argue that his statements were a reasonable response to Defendant's litigation position that Plaintiff is mentally ill[1] (*id.* ¶¶ 6–18). The declaration also includes numerous attacks on the Court's "honesty, integrity, impartiality, [and] temperament." (*Id.* ¶¶ 19–36.)

The Court easily finds that Plaintiff's statements are offensive, unjustified, and entirely improper for legal proceedings. Further, the Court finds that Plaintiff made these offensive statements in bad faith. At this point, the Court has repeatedly instructed Plaintiff that he may not make offensive statements about Defendant's counsel. (Civil Rights Case Doc. Nos. 19, 164.) Plaintiff's pattern of violating those instructions strongly supports the inference that Plaintiff was acting in bad faith, with an intent to harass and annoy Defendant's counsel. Moreover, the Court finds that the statements were made without a colorable legal basis. Whether or not the statements are factually accurate is irrelevant.

---

[1] Although Plaintiff objects to Defendant's argument that Plaintiff is mentally ill, Plaintiff has claimed throughout this litigation that he has been diagnosed as mentally ill. (*See, e.g.*, Doc. No. 104 ¶¶ 27–28; Doc. No. 135 ¶ 26; Doc. No. 194 ¶¶ 7, 8, 14.)

4

As Plaintiff knows, the only live issue in this case is what damages Plaintiff is entitled to for his claims. Nothing about Defendant's counsel or his judgment or mental health has any plausible relevance to that issue. The Court additionally determines that Plaintiff has the financial ability to pay the sanctions the Court intends to impose, as any sanctions will be deducted from the judgment he is entitled to receive in this case. (*See* Civil Rights Case Doc. No. 164.)

IV. CONCLUSION

Plaintiff needs to understand that personal insults have no place in legal proceedings. If he has a legal or factual argument, he should focus on the merits of his arguments. If he feels the need to attack a person instead of an argument, however, he must restrain himself. No further personal attacks – whether directed to opposing counsel or the Court – will be tolerated.

Accordingly, IT IS HEREBY ORDERED THAT Plaintiff is sanctioned $2,000 – $1,000 for each of the two offensive statement he made in this case. That $2,000 will be deducted from any judgment that Plaintiff obtains in this case. The Court declines to sanction Plaintiff for the offensive statement that he repeated in the Civil Rights Case.

IT IS FURTHER ORDERED THAT Plaintiff is to refrain from any offensive statements directed against anyone – including both opposing counsel and the Court – in future legal filings. If Plaintiff violates this order, the Court will sanction him $5,000 for each such statement.

SO ORDERED.

Dated: May 30, 2014
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

A copy of this Order has been sent by e-mail to:

Hicham Azkour
hicham.azkour@gmail.com