UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
Hicham Azkour,

        *Plaintiff*,

    -v-

Little Rest Twelve, Inc., Nina Zajic,
David Kay, and Abderrahmane a/k/a
Peter Eljastimi

        *Defendants.*
------------------------------------------------------------x

Index No. 10-CV-4132 (RJS)(KNF)

**DEFENDANT'S PROPOSED
JURY INSTRUCTIONS**

1.    FAILURE TO MITIGATE

    You have been instructed that plaintiff worked for defendant at Ajna Bar restaurant as a busboy from October 10, 2009 to February 10, 2010, and that defendant failed to pay plaintiff $4,353.73 in wages and $5,421.47 in retained tips during his employment. You have also been instructed that defendant terminated plaintiff's employment on February 10, 2010 in retaliation for asserting his claim to unpaid wages.

    Plaintiff seeks an award of back pay for the period from his termination on February 10, 2010 through March 15, 2013, when Ajna Bar closed.

    In order to obtain back pay, plaintiff was required to make reasonable efforts to find suitable new employment during the back pay period. In this case, defendant claims that plaintiff failed to make reasonable efforts to find employment after his termination.

    It is defendant's burden to prove that plaintiff failed to make reasonable efforts to minimize his damages. This defense is proven if you find by a preponderance of the evidence that:

    1.    Plaintiff failed to make reasonable efforts or use reasonable diligence in seeking suitable new employment following his termination; or

      2     (a)    That there were substantially positions comparable to plaintiff's position as a busboy at Ajna Bar available in New York City during the back pay period; and

            (b)    That plaintiff failed to make reasonable efforts to find such positions.

See *Greenway v. Buffalo Hilton Hotel*, 143 F. 3d 47 (2d Cir. 1997).

2.    DISABILITY DURING THE BACK PAY PERIOD

In order to be entitled to receive back pay, plaintiff must have been ready, willing and available for employment during the back pay period. Plaintiff is not entitled to back pay for any period in which he was unable to obtain and maintain full time employment due to disability.

There is no requirement that this disability meet the legal standard for disability under the Americans with Disability Act or the Social Security Act. Instead, the disability need only be serious enough that the disability is sufficiently a cause of his unemployment such that the unemployment is no longer truly "a result of" the retaliation. See *Thornley v. Penton Publishing, Inc.*, 104 F. 3d 26 (2d Cir. 1997); *Ford Motor Co. v. EEOC*, 458 U.S. 219 (1982); *Miller v. Margh*, 766 F. 2d 490 (11th Cir. 1985).

Here, defendant claims that plaintiff is not entitled to back pay because he was unable to find or maintain employment during the back pay period due to mental illness.

It is defendant's burden to prove that plaintiff was unable to find or maintain employment for some or all of the back pay period due to mental illness. This evidence is proven if you find by a preponderance of the evidence that:

      1.    Plaintiff was unable to obtain or maintain full time employment because of mental illness during some or all of the back pay period; or

2.  Plaintiff's unemployment during some or all of the back pay period was substantially caused by mental illness.

3.  PUNITIVE DAMAGES

Plaintiff seeks an award of punitive damages against defendant in this case. The decision whether to award punitive damages and the amount of the award is up to you, the jury. You do not have to award them if you feel that punitive damages are not appropriate.

Punitive damages are discretionary, and may be awarded to punish the defendant for its outrageous conduct and to deter it and others like it from similar conduct in the future.

Plaintiff has the burden of proving by clear and convincing evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In

considering the amount of any punitive damages, you may consider the degree of reprehensibility of the defendant's conduct.

See *Philip Morris v. Williams*, 549 U.S. 346 (2007); Fairness Through Guidance: Jury Instruction on Punitive Damages After Philip Morris v. Williams; Charleston Law Review 2008, Volume 2.

4.   BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence – he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this, and you should put it out of your mind.

Dated: New York, New York
      June 30, 2014

                              Respectfully submitted,

                              **HOFFMANN & ASSOCIATES**

                              By: **s/ANDREW S. HOFFMANN**
                                    **Andrew S. Hoffmann, Esq.**
                              *Attorneys for Defendant Little Rest Twelve, Inc.*
                              **450 Seventh Avenue, Suite 1400**
                              **New York, New York 10123**
                              **Tel (212) 679-0400**
                              **Fax (212) 679-1080**