# UNITED STATES DISTRICT COURT

## FOR THE

## SOUTHERN DISTRICT OF NEW YORK

---

**HICHAM AZKOUR,**

*Plaintiff,*

*v.*

**LITTLE REST TWELVE, INC.**

*Defendants.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/17/14

**Civil Action No. 10-CV-4132 (RJS)(KNF)**

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S REQUEST THAT THE COURT DISREGARD PLAINTIFF'S MOTIONS *IN LIMINE* AND TO EXCLUDE PLAINTIFF'S ADMISSIBLE EVIDENCE**

---

HICHAM AZKOUR, pro se

93 Pitt Street, Apt. 3B

New York, New York 10002

Email: hicham.azkour@gmail.com

1

On July 16, 2014, Defendant filed an objection to Plaintiff's motions *in limine, Docket Entry No. 262*, complaining that it would be extremely unfair for Defendant to have to respond to motions filed on the very eve of trial.

First of all, Plaintiff would like to point out that (1) the Court Order at Docket Entry No. 223, is ambiguous as it does not explicitly state that motions *in limine* should be filed by June 30, 2014; and (2) Plaintiff's misunderstanding of the Order is an inadvertence caused by his linguistic difficulties as reflected by Docket Entries No. 243 and 244.

Second, Defendant, who is represented by *two attorneys*, could have responded to these motions on the very day they were filed. As demonstrated by Defendant, Defendant had, a few days ago, the ability to address the Court by filing a battery of letters objecting and/or responding to Plaintiff's submissions. *See, e.g.,* Docket Entries Nos. 245, 246, 247, and 248. Moreover, Defendant will not be prejudiced as it may respond to Plaintiff's recent motions *in limine* during the July 17, 2014 conference.

Third, Plaintiff would like to emphasize that while he has heretofore *strictly* produced *admissible evidence* to prosecute his case, *see* Docket Entry No. 250, Defendant has not produced a single reliable, relevant, competent, and admissible evidence to support its contention that (1) Plaintiff has been mentally ill since he moved to the BRC shelter in September 2011; and (2) he has failed to diligently and reasonably seek alternative, comparable employment that pays at least $838.68 per week.

In fact, it appears that Defendant contradicts itself by ignoring the irrefutable fact that it denied reinstatement to Plaintiff. *See* Defendant's letter dated October 12, 2012 at <u>Docket Entries Nos. 225 and 226</u>. The sole fact of seeking reinstatement to his former employment position is undoubtedly relevant and admissible evidence proving that Plaintiff has sought employment and, thus, has been reasonably and diligently mitigating his damages. In addition, Defendant avoids introducing Plaintiff's testimony during the November 26, 2013 deposition, which clearly demonstrates that Plaintiff is not mentally disabled and that his efforts of seeking alternative, comparable employment are undeniable. Most likely, Defendant avoids such testimony for obvious reasons.

Plaintiff has sincerely mitigated his damages. Defendant failed to mitigate his by first agreeing to and then avoiding an amicable monetary settlement of this matter for the petty amount of $35,000.00. This was agreed upon during the July 11, 2011 settlement conference held before the Honorable Kevin N. Fox, U.S.M.J.

Now, Defendant should "stick to the issues" and produce admissible evidence.

Nevertheless, despite the punctuality of which Defendant makes an absolute requirement, It is clear it does not possess any relevant and admissible evidence to prove its case-in-chief and this is the reason why it undeservedly complains about Plaintiff's late submissions, which is an inadvertence. If the Court reviews Plaintiff's requests to exclude the inadmissible evidence as proffered by Defendant at <u>Docket Entry No. 227</u>, it will become certain that any issue that has been referred to jurors may now be resolved *in limine*.

3

As this Court is well aware, the purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Luce v. United States,* 469 U.S. 38, 40 n. 2, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984); *Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir.1996) (same); *Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp.,* 937 F.Supp. 276, 283 (S.D.N.Y.1996) (same). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *United States v. Paredes,* 176 F.Supp.2d 179, 181 (S.D.N.Y.2001). Indeed, courts considering a motion *in limine* may reserve decision until trial, so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co.,* 937 F.Supp. at 287. Further, the court's ruling regarding a motion *in limine* is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce,* 469 U.S. at 41, 105 S.Ct. 460.

*What is expected* in the instant matter is that Defendant's witnesses have no direct knowledge of the facts underlying the issues presented to the jurors, have never known Plaintiff, and have never worked with him. *What is also expected* is that Defendant will not be able to produce a single certified medical record, as prescribed by Rule 803(6) of the Federal Rules of Evidence, in order to prove that Plaintiff is *clinically*, *medically*, and *legally* mentally disabled and, thus, has never been able to search for employment and work since he moved to the BRC shelter in September 2011. Moreover, all the remaining documentary evidence that Defendant intends to present is hearsay, irrelevant, prejudicial, malicious, capricious, spiteful and is

4

definitely prohibited or not allowed by the prescriptions of Rules 401, 402, 403, 501, 502, 602, 608, 609, 701, 702, 703, 706, 801, 802 and 901 of the Federal Rules of Evidence. *See* Docket Entry No. 227.

**WHEREFORE**, Plaintiff respectfully requests that the Court

1.   Deny Defendant's baseless objection, Docket Entry No. 262, to Plaintiff's diligent efforts in representing himself and filing motions *in limine*, which are crucial to this Court's ruling on Plaintiff's damages, without the waste of its scarce judicial resources;

2.   Deny Defendant's any right to introduce any evidence that is not listed in its Proposed Pretrial Order; and

3.   Authorize Plaintiff to file motion requesting disclosure of Defendant's and its owner's assets because Defendant requested that the punitive damages amount be determined by a jury trial.

Respectfully submitted on July 17, 2014

By:    HICHAM AZKOUR, pro se

_____