UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
Hicham Azkour,

                Plaintiff,        10 Civ. 4132 (RJS) (KNF)

    -against-

Little Rest Twelve, Inc., Nina Zajic,
David Kay, and Abderrahmane a/k/a Peter
Eljastimi,

                Defendants.
------------------------------------------------------------X

**DEFENDANT LITTLE REST TWELVE, INC'S MEMORANDUM
OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT AS A
MATTER OF LAW PURSUANT TO RULE 50(b) ON PLAINTIFF'S
CLAIMS FOR BACK PAY AND PUNITIVE DAMAGES**

HOFFMANN & ASSOCIATES
450 Seventh Avenue
Suite 1400
New York, New York 10123
Tel (212) 679-0400
Fax (212) 679-1080

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
Hicham Azkour,

    *Plaintiff*,

  -v-

Little Rest Twelve, Inc., Nina Zajic,
David Kay, and Abderrahmane a/k/a Peter
Eljastimi,

    *Defendants.*

10 Civ. 4132 (RJS)(KNF)

DEFENDANT LITTLE REST
TWELVE, INC.'S
MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION FOR
JUDGMENT AS A MATTER OF
LAW PURSUANT TO RULE 50(b)
ON PLAINTIFF'S CLAIMS FOR
BACK PAY AND
PUNITIVE DAMAGES

------------------------------------------------------------------x

  Defendant Little Rest Twelve, Inc. (hereinafter "LR12") submits this memorandum of law in support of its motion for judgment as a matter of law pursuant to Rule 50(b) on plaintiff's claims for back pay and punitive damages.

## PRELIMINARY STATEMENT

  On July 20 and 21, 2014 this Court conducted a jury trial to determine plaintiff's entitlement, if any, to back pay and punitive damages.

  Plaintiff chose not to put on a case and thus submitted no evidence to the Jury on either issue.

  Defendant presented evidence on both issues. On the question of back pay, defendant called witnesses who testified that during the putative back pay period there were many jobs available in New York City comparable to plaintiff's prior position as a minimum wage busboy at defendant's restaurant and that for someone at his age and with

his qualifications it would have been fairly easy to immediately secure such a position at any one of literally thousands of New York City restaurants by simply answering an advertisement or walking in and applying. Defendant's witness Jessica Comperiati also testified that in the years following plaintiff's termination not one person called the Restaurant seeking to verify his prior employment.

Defendant's witnesses also testified that the Restaurant was operated and managed during plaintiff's short tenure by Nina Zajic, David Kay and Peter Eljastimi, who were solely responsible for plaintiff's termination. Defendant's witnesses testified that these individuals were not the "rightful" owners of the defendant corporation and were essentially interlopers who had improperly seized control of the entity only to be vanquished shortly after the time plaintiff was terminated.

After plaintiff rested, defendant moved the Court for a directed verdict on both issues (See Tr. at pp. 72-73) thus preserving these issues for post-trial motions.

The Jury ultimately found that defendant was responsible for twelve (12) weeks of plaintiff's unemployment following his termination, and awarded plaintiff $50,000.00 in punitive damages for his retaliatory termination.

Defendant now moves the Court to grant it judgment on both issues as a matter of law pursuant to F.R.C.P. 50(b).

On the question of plaintiff's entitlement to back pay, defendant contends that given plaintiff's failure to testify or to offer evidence showing that he made *any* efforts at all during the back pay period to find comparable employment as well as the unrebutted evidence proffered by defendant's witnesses that there was literally thousands of available positions in New York City during the back pay period for which plaintiff was qualified and

3

could have easily obtained with minimal effort, no reasonable jury could have concluded that plaintiff satisfied his obligation to attempt to mitigate his damages. Thus, there was a complete lack of evidence supporting the Jury's verdict that defendant was responsible for twelve (12) weeks of plaintiff's post-discharge unemployment.

With respect to punitive damages, defendant contends that plaintiff failed to establish by a preponderance of the evidence that he is entitled to *any* award of punitive damages from defendant LR12 in this case. The evidence before the Jury on this issue was limited to stipulated facts as presented by the Court in its opening remarks that during his employment plaintiff complained about his wages and in retaliation, he was fired. (See Tr. at p 48). Plaintiff offered no evidence to establish that defendant's conduct at issue was motivated by evil intent or motive or that it involved a reckless or callous disregard for plaintiff's constitutional rights. The mere fact that plaintiff was terminated in retaliation for his wage complaint standing alone can not properly serve as the sole basis for an award of punitive damages. To so conclude would elevate the *discretionary* nature of punitive damages to a *mandatory* element of damages in *every* case involving a retaliatory termination. Such a result is completely unwarranted and at odds with well established precedent.

## POINT ONE
## DEFENDANT IS ENTITLED TO JUDGMENT
## AS A MATTER OF LAW
## ON PLAINTIFF'S CLAIM FOR BACK PAY

The United States Supreme Court has determined that a prevailing plaintiff in an employment discrimination case must attempt to mitigate their damages by "using reasonable diligence in finding other suitable employment." *Ford Motor Company v. EEOC*, 458 U.S. 219, 231 (1982).

While it is true that a defendant has the ultimate burden of proof on the issue of mitigation, this does not mean that a plaintiff can stand completely mute and offer no evidence at all to establish that some effort was made to find a new job.

Thus, a plaintiff has some initial burden to show that he made a reasonable attempt to look for employment.  As noted by the Second Circuit in *Dailey v. Societe Generale*, 108 F. 3d 451 (1997) "[t]he claimant's burden is not onerous, and does not require him to be successful in mitigation." 108 F. 3d at 456.

Other courts have made it clear that a plaintiff seeking back pay is required to make some showing concerning mitigation.  In *Reilly v. Cisneros*, 835 F. Supp 96 (W.D.N.Y. 1993) Judge Elfvin noted that "while the burden of mitigation is not onerous and does not require success, it does require a plaintiff show an honest, good faith effort to obtain comparable employment... A plaintiff must demonstrate that he made and is making an effort that is reasonably calculated to find comparable work.  835 F. Supp at 99.  See also *Brooks v. Woodline Motor Freight, Inc.*, 852 F. 2d 1061 (8th Cir. 1988); *Greenway v. Buffalo Hilton Hotel*, 951 F. Supp 1039 (W.D.N.Y. 1997).

Here, plaintiff did not testify and did not offer a scintilla of evidence demonstrating that he made *any* search for work following his discharge.

Moreover, the record before the Jury contained unrebutted testimony from two witnesses that there was ample comparable work available for plaintiff in New York City during the back pay period and that he could have easily obtained such a position with minimal effort. Defendant's witness Jessica Comperiati also testified, again without rebuttal, that not a single call was received at the Restaurant seeking to verify plaintiff's employment in the years following his termination.

Thus, there was insufficient evidence in the record to support the Jury's finding that defendant was responsible for twelve (12) weeks of plaintiff's unemployment. Plaintiff's failure to offer *any* evidence substantiating that he made an effort to find a new job encompassed the entire period covered by his claim for back pay. Similarly, the testimony of defendant's witnesses showing the availability of comparable work for plaintiff covered the entire back pay period.

As such, it is impossible to reach any conclusion but that the Jury's decision to award plaintiff twelve (12) weeks of back pay was borne out of sympathy for plaintiff and his plight rather than upon any reasonable or rational view of the evidence.

## POINT TWO
## DEFENDANT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES

Under Federal law, punitive damages are awarded only where an "employer has engaged in intentional discrimination *and* has done so with 'malice or with reckless indifference to the federally protected rights of an aggrieved individual.'" *Kolstad v. American Dental Association*, 527 U.S. 526, 529-30 (1999). A "positive element of conscious wrongdoing" is required. See *Kolstad*, 527 U.S. at 538 (quoting *McCormick, Law of Damages* at p. 280 (1935)).

"Punitive damages are discretionary" and may be awarded "to punish the defendant for his outrageous conduct and to deter him and others like him from similar conduct in the future." *Solis v. SCA Restaurant Corporation*, 938 F. Supp. 2d 380 E.D.N.Y. (2013) quoting *Smith v. Wade* 461 U.S. 30 (1983). As recently noted by the Eleventh Circuit in a case involving punitive damages under the FLSA, "punitive damages, in general, are the exception and not the rule; they are awarded when a jury finds that a defendant's act was wrongful in that it was willful or intentional (as opposed to merely negligent)." *Snap v. Unlimited Concept, Inc.*, 208 F. 3d 928, 936 (11th Cir. 2000).

Here, the only evidence before the Jury concerning defendant's termination of plaintiff was the stipulated facts read to the Jury by the Court in its opening remarks. The stipulated facts provided only that plaintiff complained about his wages and was retaliated against for his complaints by being terminated. No evidence was submitted to the Jury concerning the particular circumstances of plaintiff's termination or regarding defendant's state of mind.

7

Punitive damages in a retaliatory termination case are not mandated as a matter of law; rather they *may* be awarded in the *discretion* of a jury. Punitive damages are reserved for the "exceptional" case where the conduct of the defendant shocks the conscience. Other than the stipulated facts, there was no evidence in the record to suggest that defendant was motivated by evil intent or that its conduct constituted reckless disregard or indifference to plaintiff's rights. As such, the Jury's decision to award plaintiff $50,000.00 in punitive damages is not supported by sufficient credible evidence as to its behavior or state of mind. To permit a Jury to award punitive damages based solely on a barebones showing that there was a retaliatory discharge and nothing more would ultimately *require* an award of punitive damages in *every* case involving a retaliatory termination. This is directly at odds with the case law cited above.

A 1990 decision rendered by Judge McAvoy in the Northern District of New York illustrates this very point. In *Vasbinder v. Gordon Ambach*, 1990 U.S. Dist. 2362 N.D.N.Y. (1990) the plaintiff claimed that the defendant terminated his employment in retaliation for reporting suspected criminal activity to the FBI about a program he supervised for the defendant. The case proceeded to trial before a jury, which found in plaintiff's favor on liability and determined that punitive damages should be imposed.

On defendant's motion, Judge McAvoy determined that the issue of punitive damages should not have been sent to the jury and ultimately that even though there had been a retaliatory termination punitive damages were not warranted as a matter of law. In so ruling, Judge McAvoy noted that plaintiff had not introduced any evidence to suggest that "defendants were motived by evil motive or intent or that their conduct involved a reckless or callous disregard of or indifference to plaintiff's constitutional rights." In pertinent point,

the Court noted that "to hold, on this record, that punitive damages were legally warranted would be to equate success on the merits on the underlying cause of action with entitlement to punitive damages." Id. at p. 2.

That is precisely the point in regard to the instant case. While Azkour may have been entitled to summary judgment on the question of whether he was terminated in retaliation for his complaints about his wages, that alone cannot constitute a legally sufficient basis to support a Jury finding that defendant is liable for punitive damages. It was plaintiff's burden to establish by a preponderance of the evidence those *additional* elements beyond the mere fact of his retaliatory termination which would establish his entitlement to punitive damages. These elements include the defendant's particular state of mind and whether its conduct was sufficiently reckless or indifferent to plaintiff's statutory rights. Having failed to offer *any* evidence from which the Jury could infer these factors, its decision to award plaintiff punitive damages cannot stand as a matter of law.

Moreover, the record before the Jury in this case contained testimony from Jessica Comperiati and Franck Maucort, entirely unrebutted by plaintiff, demonstrating that the individuals who were personally responsible for the decision to terminate plaintiff's employment in retaliation for his wage complaints were "interlopers" who had improperly obtained temporary control of the defendant corporation during the time of plaintiff's employment. These witnesses also established that shortly following plaintiff's discharge, the rightful owners of LR12 reestablished control over the entity and continue to control the business today. Given this exculpatory evidence coupled with plaintiff's failure to put on any case, there can be no real question that plaintiff's claim for punitive damages must be dismissed as a matter of law.

## CONCLUSION

Based on the foregoing, defendant respectfully requests that the Court grant its motion and dismiss plaintiff's claims for back pay and punitive damages.


Dated: New York New York
       September 5, 2014

                                               Respectfully submitted,

                                               **HOFFMANN & ASSOCIATES**

                                      By: _____
                                               Andrew S. Hoffmann, Esq.
                                               *Attorneys for Defendant Little Rest Twelve, Inc.*
                                               450 Seventh Avenue, Suite 1400
                                               New York, New York 10123
                                               **Tel (212) 679-0400**
                                               **Fax (212) 679-1080**