The Honorable Richard J. Sullivan, U.S.D.J.
Thurgood Marshall
United States Courthouse, Room 905
40 Foley Square
New York, NY 10007

HICHAM AZKOUR
93 Pitt Street, Apt 3B
New York, New York 10002

Telephone: (917) 859-6550
Email: hicham.azkour@gmail.com

November 17, 2014

**Via ECF**



Re: *Azkour v. Little Rest Twelve, Inc.*, 10-CV-4132 (RJS)

Dear Judge Sullivan:

The plaintiff in the above-referenced matter ("Plaintiff") respectfully seeks this Court's clarification regarding its denial of his right to poll the jurors after their discharge on July 22, 2014. The record shows that the Court, on its own motion, invited the parties to exercise their right to poll the jurors pursuant Rule 48(c) of the Federal Rules of Civil Procedure.

Defendant Little Rest Twelve, Inc. ("Defendant"), however, waived such right. Plaintiff, as the record shows, did not. In fact, after polling the jurors in the presence of its law clerk, Mr. Jonathan Siegel, the Court changed course and ordered Plaintiff to waive his right by keeping away from the jurors because, according to the Court, "emotions were running high." The Court did not elaborate on this vague statement and the record does not show any juror was emotionally disturbed during trial or when the verdict was pronounced.

As shown by the record, the only fact that may reflect the jurors' state of mind during the deliberations was their undeniable confusion, which was demonstrated by the nature of the repetitive questions they addressed to the Court.

1

Notwithstanding that he never expressly waived his right to poll the jurors, Plaintiff, as ordered by the Court on July 22, 2014, was not allowed to make any direct inquiries to the jurors regarding their deliberations. Yet, this Court advantageously obtained from the jurors crucial information regarding their decision. The Court has so far declined to share such information with the parties.

This Court is also aware that one juror, amongst the 8 selected jurors, was a licensed psychiatrist and her opinion regarding Plaintiff's alleged mental illness would have been of great significance. The importance of her opinion is relevant because the Court decided that Plaintiff's alleged mental illness be determined by lay jurors:

> Specifically, the Court held that a jury could determine that Plaintiff's mental illness was sufficiently a cause of his unemployment to undercut Defendants' responsibility. In addition, the Court held that no reasonable juror could find that *Defendants were proximately responsible for Plaintiff's unemployment after September 7, 2011, the date Plaintiff moved into a homeless shelter for mentally ill adults.*

*See* Docket Entry No. 210 at page 3 (citations omitted and emphasis added).

In the context of a trial by jury, one may say that the Court abused its discretion by excluding Plaintiff from a proceeding to which he is entitled by law. The "orderly conduct of a trial by jury, essential to the proper protection of the right to be heard, entitles the parties who attend for the purpose to be present in person or by counsel at all proceedings from the time the jury is impaneled until it is discharged after rendering the verdict." *Fillippon v. Albion Vein Slate Co.*, 250 U.S. 76, 81 (1919).

Considering the fact that Plaintiff filed a motion for judgment as a matter of law or, in the alternative, for a new trial, it would be of high concern that the unshared information obtained by the Court during its July 22, 2014 polling might unfairly influence its ruling on said motion. *See* Docket Entries No. 287, 288, and 289. Moreover, the strange and absurd nature of the verdict, to which Plaintiff vehemently objected,

supports the legitimacy of his inquiry regarding any information privately obtained by the Court with regard to the jurors' apparent unanimity in reaching said verdict.

As this Court is aware, a civil litigant's right to poll the jury is established by Federal Rule of Civil Procedure 48(c), which provides, "After a verdict is returned but before the jury is discharged, the court must on a party's request, or may on its own, poll the jurors individually." FED. R. CIV. P. 48(c). Rule 48(c) was added to the Federal Rules in 2009 (well before Plaintiff's trial, which took place on July 21-22, 2014), and was modeled on Federal Rule of Criminal Procedure 31(d), which gives the same polling right to the parties to a criminal prosecution. *See* FED. R. CIV. P. 48 Committee Note. There is little case law interpreting FED. R. CIV. P. 48(c), but decisions from the 1st Circuit and the 7th Circuit have held that rights under FED. R. CRIM. P. 31(d) are fully applicable to its civil analogue. The civil rule was self-consciously written to extend the right guaranteed by the criminal rule into the civil realm, and there is little reason to distinguish between the two contexts. The aforementioned circuits have held that the right to poll protected by FED. R. CRIM. P. 31(d) is a substantial right, but not a right flowing from any of the constitutional rules of criminal procedure.

In its most important opinion on the role of the jury poll in civil cases, the U.S. Supreme Court stated:

> That generally the right to poll a jury exists may be conceded. Its object is to ascertain for a certainty that each of the jurors approves of the verdict as returned; that no one has been coerced or induced to sign a verdict to which he does not fully assent. It is not a matter which is vital, is frequently not required by litigants; and while it is an undoubted right of either, it is not that which must be found in the proceedings in order to make a valid verdict.

*See Humphries v. District of Columbia,* 174 U.S. 190, 194, 19 S.Ct. 637, 638-39, 43 L.Ed. 944 (1899).

A district court's refusal, or even neglect, to conduct a jury poll upon a timely request is ground for a new trial. Indeed, failure to conduct a properly requested poll is a serious error ordinarily requiring reversal. *See United States v. F.J. Vollmer & Co.,* 1

F.3d 1511, 1522 (7th Cir. 1993). The 7th Circuit confirmed that litigants "enjoy an absolute right to poll the jury ... unless it has been expressly waived." *Id.* at 1523 (internal quotation marks and emphasis omitted). Accordingly, the 7th Circuit remanded cases for a new trial not only when the district court refuses to conduct a poll upon request, *see, e.g., id.* at 1522 -23, but also when the court cuts off the possibility of a timely polling request by proceeding too quickly after the announcement of the verdict to matters that would prejudice jurors in a later poll, *see United States v. Randle*, 966 F.2d 1209, 1214 (7th Cir. 1992).

**WHEREFORE**, based on the arguments set forth above, Plaintiff respectfully requests that the Court assure the parties that any information unilaterally obtained by the Court during the jurors' polling would not influence its ruling on the parties' post-trial motions. Plaintiff also respectfully requests the Court's guidance as to why a new trial is not warranted despite Plaintiff's failure (not a waiver) to exercise his right as per Rule 48(c) of the Federal Rules of Civil Procedure.

Respectfully submitted,

Hicham Azkour, pro se

4