The Honorable Richard J. Sullivan, U.S.D.J.  
Thurgood Marshall  
United States Courthouse, Room 905  
40 Foley Square  
New York, NY 10007  

HICHAM AZKOUR  
93 Pitt Street, Apt 3B  
New York, New York 10002  

Telephone: (917) 859-6550  
Email: hicham.azkour@gmail.com  

November 18, 2014

**Via ECF**

Re: *Azkour v. Little Rest Twelve, Inc.*, <u>10-CV-4132 (RJS)</u>

NOV 21 2014

Dear Judge Sullivan:

On November 6, 2014, defendant Little Rest Twelve, Inc. ("Defendant") filed a letter with this Court in response to the plaintiff's ("Plaintiff") letter dated November 3, 2014. *See* <u>Docket Entries Nos. 305 and 306.</u> In its letter, Defendant contends that the information provided to the Court by Plaintiff in his November 3, 2014 letter is not relevant to the above-referenced matter.

Plaintiff strongly disagrees with Defendant for the following reasons:

1. The information in Plaintiff's letter is relevant because it shows that Defendant has not been truthful to the Court and, in bad faith, misrepresented to the Court that Defendant allegedly sold the restaurant on March 15, 2013. As shown in Plaintiff's letter, no sale has ever occurred and any report that a sale took place was just a tactic for Defendant to *maliciously* cap the amount owed to Plaintiff in back pay and, for that matter, in front pay[1].

---

[1] The Court is respectfully reminded that Defendant refused to reinstate Plaintiff to his former employment position despite his repetitive requests. Therefore, Plaintiff is entitled to front pay.

1

2. The closure of the restaurant on March 15, 2013 is irrelevant to the outcome of present litigation. The restaurant is just an asset and has not been sued by Plaintiff or named by him as a defendant in the present matter. In other words, it has never been his *employer* within the meaning of 29 U.S.C. §§ 203(a)[2] and 203(d)[3]. Plaintiff named Little Rest Twelve, Inc. as his employer and *the* defendant in the instant matter and, as such, Defendant remains, *directly or indirectly*, see 29 U.S.C. § 203(d), liable to Plaintiff, whether as a corporation doing business in New York, as a subsidiary of Grosvenor Trading House Limited, or as an asset of a foreign business trust operating from a tax haven such as Switzerland or Liechtenstein[4]. *See* 29 U.S.C. § 203(a).

3. During the July 21-22, 2014 trial, Defendant had the opportunity to have its Chief Executive Officer testify as to its alleged cessation of business in New York. However, Defendant simply forwent such testimony because, according to the New York State Department of State, it is still doing business in New York and, as Plaintiff demonstrated to the Court, it has never sold its only asset as falsely and fraudulently reported to this Court.

4. On March 27, 2012, this Court issued an Order determining that *Defendant and Defendant only* which is liable to Plaintiff. And not its defunct restaurant as falsely claimed by Defendant.

---

[2] 29 U.S.C. § 203(a) provides:

> "Person" means an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons.

[3] 29 U.S.C. § 203(d) provides:

> "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.

[4] According to information furnished by Defendant's counsel, Defendant is now managed by Swiss Partners. *See* http://www.swisspartners.com

Defendant should also be aware that, by virtue of 29 U.S.C. § 203(a), its legal representative is defined as an employer for the purposes of prosecuting the instant matter. By virtue of the same statute, Swiss Partners is also defined as an employer.

**WHEREFORE**, for the reasons set forth above, Plaintiff respectfully requests that the Court:

(a) Deem the verifiable information presented by Plaintiff in his November 3, 2014 letter as relevant to any decision made with respect to his monetary damages;

(b) Declare that *only* Defendant and, eventually, its current owners and/or shareholders are liable to Plaintiff for monetary damages;

(c) Order Defendant (if it still insists that the information reported by Plaintiff in his November 3, 2014 letter is erroneous or irrelevant) to come out clean and demonstrate that the reported settlement agreement never occurred and that Jean-Yves Haouzi still owns 15% of Defendant's stocks; and

(d) Avoid any unnecessary delay by timely ruling on the post-trial motions submitted by the parties. The Court is respectfully reminded that this matter has been lingering for almost five (5) years.

Respectfully submitted,

Hicham Azkour, pro se

3