| | |
|---|---|
| The Honorable Richard J. Sullivan, U.S.D.J.<br>Thurgood Marshall<br>United States Courthouse, Room 905<br>40 Foley Square<br>New York, NY 10007 | HICHAM AZKOUR<br>93 Pitt Street, Apt 3B<br>New York, New York 10002<br>Telephone: (917) 859-6550<br><br>Email: hicham.azkour@gmail.com |

March 17, 2015

**Via ECF**



Re: *Azkour v. Little Rest Twelve, Inc.*, 10-CV-4132 (RJS)

Dear Judge Sullivan:

    Plaintiff respectfully requests that this Court direct the Clerk to calculate pre-judgment and post-judgment interests on the Judgment, Docket Entry No. 318, issued by this Court on February 11, 2015 in the amount of $20,128.32. Plaintiff sought such relief in his First Amended Complaint at Docket Entry No. 63 at page 15. However, when it became appropriate, the Court omitted to include such relief in the Judgment.

    As the Court did not award him New York liquidated damages on wages owed, *see* Docket Entry No. 317 at page 18[1], Plaintiff is now appropriately entitled to pre-judgment interest under the NYLL.

---

[1] The Court erred by denying Plaintiff owed liquidated damages under the New York law. In footnote No. 5 of the Order at Docket Entry No. 317, page 18, the Court ruled that Plaintiff is not entitled to New York liquidated damages because, prior to the enactment of the New York Wage Theft Prevention Act ("WTPA") on April 9, 2011, they were not available under NYLL § 215. Clearly, the Court did not apply the proper finding, which was recommended by the magistrate Judge. *See* Docket Entry No. 91. In his R&R at Docket Entry No. 91, Judge Fox recommended that the Court award New York liquidated damages under NYLL § 198(1-a). *See*

1

"It is well settled that in an action for violations of the [FLSA] prejudgment interest may not be awarded in addition to liquidated damages." *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1064 (2d Cir. 1988) (*per curiam* opinion on motion for clarification). Under the NYLL, however, pre-judgment interest may be awarded pursuant to the New York Civil Practice Law and Rules ("N.Y.C.P.L.R.") in addition to liquidated damages. *See Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999). This remains true even where liability is found not only under the NYLL but also under the FLSA. *See Thomas v. iStar Fin., Inc.*, 652 F.3d 141, 150 n.7 (2d Cir. 2011) (citing *Heng Chan v. Sung Yue Tung Corp.*, No. 03cv6048 (GEL), 2007 WL 1373118, at *9 (S.D.N.Y. May 8, 2007)).

Under N.Y.C.P.L.R., interest "shall be at the rate of nine per centum per annum" and "computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." *See* N.Y.C.P.L.R. 5001(b) and 5004.

Pursuant to federal law, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date

---

*Begum v. Ariba Discount, Inc.*, 2015 WL 223780, at *3 (S.D.N.Y. Jan. 2015). In his R&R, which this Court fully adopted, *see* Docket Entry No. 98, Judge Fox ruled:

> LRT has failed to provide any admissible evidence showing that it (a) acted in good faith; (b) believed that objectively reasonable grounds existed upon which it could conclude that its conduct was lawful; and (c) *it did not act willfully* (emphasis added).

*Id.* at page 16. NYLL § 198(1-a) provides:

> [i]n any action instituted upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee reasonable attorney's fees and, upon a finding that the employer's failure to pay the wage required by this article was willful, *an additional amount as liquidated damages equal to twenty-five percent of the total amount of the wages found to be due* (emphasis added).

of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding . . . the date of the judgment." *See* 28 U.S.C. § 1961(a). Post-judgment interest is mandatory on awards in civil cases. *See Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008). Accordingly, Plaintiff is entitled to post-judgment interest calculated pursuant to 28 U.S.C. § 1961(b).

**WHEREFORE**, Plaintiff respectfully requests that this Court award him pre-judgment interest and post-judgment interest on Judgment in the amount of $20,128.32. *See* Docket Entry No. 318.

Respectfully submitted,

Hicham Azkour, pro se