UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HICHAM AZKOUR,

                        Plaintiff,

-v-

LITTLE REST TWELVE,

                        Defendant.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-23-15

No. 10-cv-4132 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

    Plaintiff brings this action asserting claims for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (Doc. No. 1.) Now before the Court is a letter request by Plaintiff, dated March 17, 2015 and filed on March 18, 2015, seeking that the Court order pre-judgment interest pursuant to the New York Labor Law on his damages award. (Doc. No. 323.) For the reasons set forth below, the Court denies the request.

A. Background

    Plaintiff filed this action on May 19, 2010, alleging FLSA and NYLL claims for, *inter alia*, unpaid overtime, failure to pay minimum wage, unjust enrichment, and retaliatory termination. (Doc. No. 1.) On March 27, 2012, following Plaintiff's motion for summary judgment as to liability, the Court fully adopted the Report and Recommendation (Doc. No. 91) of the Honorable Kevin Nathaniel Fox, Magistrate Judge, and entered partial summary judgment in Plaintiff's favor on his FLSA and NYLL wage and hour claims, NYLL spread-of-hours claim, FLSA and NYLL retaliation claims, and FLSA and NYLL liquidated damages claims. (Doc. No. 98.) On July 21–22, trial commenced on the issues of back pay and punitive damages. After deliberating, the jury found for Plaintiff on both issues, finding that twelve weeks of Plaintiff's

unemployment were proximately caused by Defendant's unlawful termination of Plaintiff and that Defendant was liable for $50,000 in punitive damages. (*See* Doc. No. 279.) On February 11, 2015, after the parties filed post-trial motions, the Court issued an Opinion and Order which denied Plaintiff's post-trial motions, granted Defendant's motion for judgment as a matter of law with respect to the issue of punitive damages, and denied the balance of Defendant's post-trial motions. (Doc. No. 317 (the "February 11 Order").) On February 13, 2015, the Court issued a judgment in favor of Plaintiff in the amount of $20,128.32, equal to 12 weeks of post-termination back pay plus an equivalent amount in FLSA liquidated damages. (Doc. No. 318 (the "Order and Judgment").) The Order and Judgment was entered on the public docket sheet on February 17, 2015. On February 17, 2015, Plaintiff filed a notice of appeal of the February 11 Order in the United States Court of Appeals for the Second Circuit. (Doc. No. 319.) On March 18, 2015, Plaintiff filed the instant letter request for the Court to order pre-judgment interest on his damages award under the New York Labor Law. (Doc. No. 323.)

B. Discussion

The Court notes at the outset that a motion for pre-judgment interest after the entry of judgment is properly construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *See, e.g., Kazazian v. Bartlett & Bartlett LLP*, No. 03-cv-7699(LAP), 2007 WL 4563909, at *2 (S.D.N.Y. Dec. 19, 2007) ("Plaintiff's motion for mandatory pre-judgment interest is properly a Rule 59(e) motion to amend, and not a Rule 60 motion." (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174–76 (1989)). Although a notice of appeal usually divests the district court of jurisdiction, where a party timely files a motion under Rule 59, the district court retains jurisdiction to entertain the motion, even where the notice of appeal was filed prior to the Rule 59 motion. *See* Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of any motion

2

listed in Rule 4(a)(4)(A) [including a motion under Rule 59] – the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."); *Smith v. City of New York*, No. 12-cv-8131 (JGK), 2014 WL 2575778, at *1 (S.D.N.Y. June 9, 2014) ("This principle applies even when the motion for reconsideration is filed after the notice of appeal."). However, where a notice of appeal has been filed and the Rule 59 motion is *not* timely, the court *lacks* the jurisdiction to consider the motion, because – unlike in the context of a timely Rule 59 motion – the appeal is not held in abeyance by the circuit court pursuant to Appellate Rule 4(a)(4)(B). *See Bentley v. Varsames*, 164 F.3d 617, 617 (2d Cir. 1998) ("[B]ecause Bentley's Rule 59(e) motion was not timely, the District Court lacked jurisdiction to consider it."). Motions under Rule 59 must be filed within 28 days of the entry of judgment. (*See* Fed. R. Civ. P. 59(e).)

Here, Plaintiff's letter requesting pre-judgment interest was *dated* March 17, 2015 – the 28th day after the Order and Judgment was filed. However, the stamp on the letter indicating receipt by the Southern District of New York Pro Se Office specifies that the letter was actually *received* by the Court on March 18, 2015. Of course, the filing date for a motion must be determined with respect to when it was actually *filed* – or, in the case of a *pro se* litigant, when it was received by the Pro Se Office. *Cf. Toliver v. Sullivan Cnty.*, 841 F.2d 41, 42 (2d Cir. 1988) (treating receipt of complaint by pro se clerk as relevant date for determining whether action was barred by statute of limitations). The fact that the letter was apparently *written* before 28 days had passed is irrelevant. As such, the Court lacks jurisdiction or authority to entertain Plaintiff's request. *See Bentley*, 164 F.3d at 617; *see also Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 402, 74 L. Ed. 2d 225 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the

district court of its control over those aspects of the case involved in the appeal."). Accordingly, Plaintiff's request for pre-judgment interest is denied.

### C. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED THAT Plaintiff's request for pre-judgment interest is DENIED. The Clerk of the Court is respectfully directed to terminate the motion pending at docket entry number 323.

SO ORDERED.

Dated:    March 23, 2015
         New York, New York

                                      RICHARD J. SULLIVAN
                                      UNITED STATES DISTRICT JUDGE

<u>A copy of this Order has been sent to:</u>

Hicham.azkour@gmail.com