|  |  |
|---|---|
| The Honorable Richard J. Sullivan, U.S.D.J.<br>Thurgood Marshall<br>United States Courthouse, Room 905<br>10002 40 Foley Square<br>New York, NY 10007 | HICHAM AZKOUR<br>93 Pitt Street, Apt 3B<br>New York, New York<br><br>Telephone: (917) 859-6550<br><br><br>Email: hicham.azkour@gmail.com |

March 27, 2015

**Via ECF**



Re: *Azkour v. Little Rest Twelve, Inc.*, <u>10-CV-4132 (RJS)</u>

Dear Judge Sullivan:

On March 26, 2015, Defendant informed this Court that it submitted a proposed order to the Clerk of the Court requesting that, in lieu of posting an appeal bond, Defendant be allowed to deposit 111% ($22,343.00) of the judgment amount in the Court registry.

Plaintiff construes Defendant's request as made pursuant to Rule 67 of the Federal Rules of Civil Procedure. Rule 67(a) states:

> Depositing Property. If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

"The purpose of Rule 67 is 'to relieve the depositor of responsibility for a fund in dispute,'

such as in an interpleader action." See *Gulf States Util. Co. v. Alabama Power Co.*, 824 F.2d 1465, 1474 (5th Cir.), *modified on other grounds*, 831 F.2d 557 (5th Cir. 1987). The rule applies only where a dispute exists concerning the funds or object. *See Baxter v. United Forest Prod. Co.*, 406 F.2d 1120, 1126 (8th Cir. 1969), *cert. denied*, 394 U.S. 1018 (1969); *see also Manufacturers Hanover Overseas Capital Corp. v. Southwire Co.*, 589 F.Supp. 214, 221 (S.D.N.Y. 1984).

"The Rule 67 procedure provides a place for safekeeping for disputed funds pending the resolution of a legal dispute, but it cannot be used as a means of altering the contractual relationships and legal duties of the parties." *See Prudential Insur. Co. of Am. v. BMC Indus., Inc.*, 630 F. Supp. 1298, 1300 (S.D.N.Y. 1986); *see also LTV Corp. v. Gulf States Steel, Inc. of Ala.*, 969 F.2d 1050, 1063 (D.C. Cir. 1992) ("It is well-settled that Rule 67, like all of the Federal Rules of Civil Procedure, shall not abridge, enlarge or modify any substantive right.")

First of all, one may note that this is *not* a civil action of interpleader or in the nature of interpleader where Defendant should be relieved of funds *in dispute*. See 28 U.S.C. § 1335. As reflected by the record, the parties do not dispute the amount of the judgment awarded by the Court – a dispute where the funds in dispute should be deposited until differences are settled. The reason the amount is not disputed is because neither party appealed from the judgment at Docket Entry No. 318. Therefore, as cited in *Baxter*, Rule 67 does not apply where a dispute does not exist concerning the funds or object.

Moreover, the application of Rule 67 in this context, where Plaintiff prevailed, will abridge Plaintiff's substantive right in enforcing a judgment pursuant to Rule 64 of the Federal Rule of Civil Procedure. Rule 67 should "not abridge, enlarge or modify any substantive right." *See* 28 U.S.C. § 2072(b). Here, it is evident that a deposit under Rule 67 will deprive Plaintiff of his substantive rights consisting of back wages and federal liquidated damages. In addition, within the context of a pending appeal, such deposit will also abridge his rights as guaranteed by Rule 7 of the Federal Rules of Appellate

Procedure and Rule 62(d) of the Federal Rules of Civil Procedure relative to costs. There is no doubt that the purpose of Plaintiff's appeal is to enlarge his rights.

"The purpose of the deposit is to relieve the depositor of responsibility for a fund in dispute. It is useful in cases of interpleader and of tender of an undisputed sum. Under some circumstances it may suffice to stop the running of interest. But leave to make the deposit will be refused if no purpose would be served by it." 12 Charles Alan Wright et al., Federal Practice and Procedure § 2991, at 59-62 (2d ed. 1997). In this case, it is an absolute certainty that no purpose is served by the contemplated deposit as the U.S. Court of Appeals for the Second will be without jurisdiction to review and modify the verdict of the jury with respect to the number of weeks of Plaintiff's unemployment. Therefore, the amount of the judgment will be undisturbed and any deposit, without appeal by Defendant, will serve no other purpose but vindictiveness.

In any event, Plaintiff objects to this untimely deposit and submits to the Court that it is in violation of Rule 62(d) of the Federal Rules of Civil Procedure and Rule 7 of the Federal Rules of Appellate Procedure. As Plaintiff argued in a prior submission, in order for Defendant to post bond or deposit funds for the purpose of staying a judgment, Defendant must comply with Rule 4(a)(3) and Rule 4(a)(5) of the Federal Rules of Appellate Procedure.

Defendant failed to do so and, consequently, on March 16, 2015, a writ of execution issued in Plaintiff's favor. Said writ was served upon Defendant's agent on March 23, 2015 pursuant to Rule 4.1(a) of the Federal Rules of Civil Procedure. Plaintiff now moves this Court to enforce the judgment as governed by N.Y.C.P.L.R. Article 52, which sets forth the procedures for a writ of execution. This Court possesses inherent authority to effectuate enforcement of its judgments. *See* Fed. R. Civ. P. 69(a)(1); *see also Smith ex rel. Estate of Smith v. Fed. Reserve Bank of New York*, 346 F.3d 264, 269 (2d Cir. 2003).

Any stay of judgment as a result of Defendant's untimely deposit of the funds has no legal basis, whatsoever. On this Court's watch, it is a vicious manoeuver to frustrate

the enforcement of the judgment. And considering the suspicious circumstances and the truth that has recently brightly revealed itself, Defendant's conduct ultimately constitutes an act of malice, deceit, and fraud. It is also an act of naked vendetta, a heinous act of retribution for Plaintiff's legitimate exercise of his rights to appeal. And to the Court, it should be viewed as a *malicious* violation of Plaintiff's federally protected rights. Compare to <u>Docket Entry No. 317 at page 15</u>.

Any decision by the Court to grant Defendant the aforementioned frivolous request while, at the same time, denying Plaintiff the right to enforce the judgment and engage in post-judgment discovery is an abuse of discretion, a usurpation of judicial power. Absent any notice of appeal by Defendant, this Court should not entertain any motion to post bonds or deposit funds. It should Order Defendant to satisfy the judgment without any further acrobatics.

Defendant's request is patently irrational and vindictive. It is outside the range of all permissible decisions in this Circuit and elsewhere. Therefore, it is being brought to the attention of the Second Circuit for remedy.

Finally, Defendant's counsel untruthfully represented to this Court that Plaintiff harassed Defendant's corporate counsel by sending him inappropriate emails. This is utterly a vicious misrepresentation. Plaintiff challenges Defendant's counsel to produce any such emails of a harassing or inappropriate nature. Any emails sent to the corporate counsel were strictly addressing the enforcement of the judgment and post-judgment discovery. They do not exhibit any personal, biased, or abusive character. The emails did not seek his opinion regarding matters irrelevant to his status as Defendant's agent and corporate counsel, who has knowledge of Defendant's assets. Defendant's counsel in the instant matter, at all times relevant, was copied.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to satisfy the judgment in the amount of $20,128.32; and

2. Deny Defendant's untimely and vindictive request to deposit the funds pending appeal.

Respectfully submitted,

Hicham Azkour, pro se