The Honorable Richard J. Sullivan, U.S.D.J.          HICHAM AZKOUR
Thurgood Marshall                                    93 Pitt Street, Apt 3B
United States Courthouse, Room 905                   New York, New York 10002
40 Foley Square
New York, NY 10007                                   Telephone: (917) 859-6550


                                                     Email: hicham.azkour@gmail.com


                                                     April 2, 2015

**Via ECF**



Re: *Azkour v. Little Rest Twelve, Inc.*, 10-CV-4132 (RJS)


Dear Judge Sullivan:

        Attached is a *renewed* FRAP 23 Petition filed with the U.S. Court of Appeals for

the Second Circuit to enforce judgment and to engage in post-judgment proceedings.


Respectfully submitted,


        Hicham Azkour, pro se

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

Docket Number(s): **15-475** _____     Caption [use short title]

Motion for: **EXPEDITED AND RENEWED**

**FRAP 23 PETITION TO ISSUE WRIT**

**OF MANDAMUS**

Set forth below precise, complete statement of relief sought:

**Appellant respectfuly requests that this Court**

**direct the trial court to (1) enforce judgment;**

**(2) authorize Appellant to engage in post-**

**judgment discovery; (3) compel Appellee to**

**disclose assets; (4) issue a writ of attachment;**

**and (5) appoint pro bono attorney.**

MOVING PARTY: **HICHAM AZKOUR**          OPPOSING PARTY: **LITTLE REST TWELVE, INC.**

[✔] Plaintiff          [ ] Defendant

[✔] Appellant/Petitioner   [ ] Appellee/Respondent

MOVING ATTORNEY: **PRO SE**          OPPOSING ATTORNEY: **ANDREW S. HOFFMANN, ESQ.**

[name of attorney, with firm, address, phone number and e-mail]

**93 PITT STREET, APT. 3B**          **450 SEVENTH AVENUE, SUITE 1400**

**NEW YORK, NEW YORK 10002**          **NEW YORK, NEW YORK 10123**

**TEL: (917) 859-6550**          **TEL: (212) 679-0400**

Court-Judge/Agency appealed from: **SDNY - HON. RICHARD J. SULLIVAN, U.S.D.J.**

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
[✔] Yes [ ] No (explain): _____

Opposing counsel's position on motion:
[ ] Unopposed [ ] Opposed [✔] Don't Know

Does opposing counsel intend to file a response:
[ ] Yes [ ] No [✔] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has request for relief been made below?          [ ] Yes [ ] No

Has this relief been previously sought in this Court?   [ ] Yes [ ] No

Requested return date and explanation of emergency: _____

Is oral argument on motion requested?   [ ] Yes [✔] No   (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   [ ] Yes [✔] No   If yes, enter date: _____

Signature of Moving Attorney:

_____   Date: **4/2/2015** _____   Service by: [ ] CM/ECF   [✔] Other [Attach proof of service]

Form T-1080 (rev. 12-13)

# 15-475

---

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

---

### HICHAM AZKOUR,

*Plaintiff-Appellant,*

*v.*

### LITTLE REST TWELVE, INC.

*Defendant-Appellee.*

---

## On Appeal from the United States District Court
## for the Southern District of New York

---

## APPELLANT'S <u>RENEWED</u> & <u>EXPEDITED</u> RULE 23 PETITION

Hicham Azkour, pro se

93 Pitt Street, Apt. 3B

New York, New York 10002

Telephone: (917) 859-6550

On March 30, 2015, pro se appellant, HICHAM AZKOUR (hereinafter referred to as "Appellant") respectfully requested that this Court, at its earliest convenience, intervene and issue, pursuant to Fed. R. App. P. 23, a writ of mandamus directing the Honorable Richard J. Sullivan, U.S.D.J. ("district court"), to (1) fully enforce the judgment ("Judgment") entered in *Azkour v. Little Rest Twelve, Inc.*, <u>10-CV-4132 (RJS)</u> (" FLSA Action"), *see* FLSA Action <u>Docket Entry No. 318</u>; (2) authorize Appellant to freely engage in post-judgment discovery by issuing subpoenas to Little Rest Twelve, Inc. ("Appellee"); (3) issue a writ of attachment pursuant to Fed. R. Civ. P. 64; or, in the alternative, (4) and appoint a pro bono counsel to represent Plaintiff in any post-judgment proceedings or any other proceedings.

We assume that this Court is now familiar with the facts leading to Appellant's request for the issuance of a writ of mandamus.

Whether it was a matter of coincidence or not, on April 1, 2015, the district court issued an order denying Defendant's request to stay Judgment. *See* FLSA Action <u>Docket Entry No. 335</u>; *see also* <u>EXHIBIT A</u>. Notwithstanding the fact that the district court's order appears to be mindful of the specific requests made by Plaintiff, it did not address those requests with specificity. Thus, there is no evidence that such order contributed to the resolution of the issues initially brought before this Court by Appellant in his Rule 23 petition.

In essence, the district court's order does not have any legal purpose or effect because (1) it does not order Appellee *to perform a specific act*, i.e., immediate satisfaction of the Judgment; (2) it does not warn Appellee that if it fails to comply *within a time specified in*

*the Order*, the district court may order the act to be done—at this disobedient party's expense—by another person appointed by the court. Moreover, said order does not indicate any readiness by the district court to hold Appellee in contempt for failure to obey its orders. *See* Fed. R. Civ. P. 70(e).

Considering the tortuous history of this case, Appellant believes that the district court's order at FLSA Action <u>Docket Entry No. 335</u> is an act of appeasement only. It is not a genuine act to expedite, in all fairness to the parties, the administration of justice. No doubt, as stated above, the order does not compel Appellee to perform any act, whatsoever. Without more, it just denies its malicious, vengeful request for a stay. And despite the district court's denial of stay, Appellee may further engage in the usual pattern of its vindictive and compulsive acts of frustrating the enforcement of the Judgment. Therefore, said order, by its passive nature, does not vindicate this district court's authority or effectuate its decrees. *See Dulce v. Dulce*, <u>233 F.3d 143, 146 (2d Cir. 2000)</u>; *see also Peacock v. Thomas*, <u>516 U.S. 349, 355, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996)</u>.

Given the order's passivity, it is normally expected that Defendant will find another way to vindictively frustrate the enforcement of the Judgment and cause more distractions. Indeed, as soon as the district court entered its order on April 1, 2015, Appellee informed Appellant that he would file, apparently under Fed. R. App. P. 8, a motion with this Court, thus frivolously appealing from said order.

On April 2, 2015, Appellant filed a motion for reconsideration urging the district court to review its April 1, 2015 for clear error and manifest injustice. *See* <u>EXHIBIT B.</u>

Considering the district court's manifest unwillingness to promptly and voluntarily vindicate its authority with respect to the enforcement of the Judgment and the full disclosure of Appellee's assets; considering the deliberate, discouraging delays it has heretofore caused; and considering the flagrantly contradictory orders the district court purposefully issued to defeat the very purpose for which the Fair Labor Standards Act was enacted[1], Appellant respectfully submits that, under the previously and herein described circumstances surrounding the instant matter, this Court's intervention is urgently required to have his established rights enforced by mandamus.

**WHEREFORE**, Appellant reiterates and reasserts all the arguments he has heretofore articulated in his March 30, 2015 submission to this Court, along with the arguments supporting his April 2, 2015 motion for reconsideration, *see* <u>EXHIBIT B</u>, and respectfully requests that this Court direct the district court to:

1. Enforce the Judgment at FLSA Action <u>Docket Entry No.</u> 318 as prescribed by Fed. R. Civ. P. 70;

2. Authorize Appellant to fully and freely engage in post-judgment discovery;

3. Compel Appellee to fully and transparently disclose its assets;

4. Issue a writ to attach Appellee's assets pending the resolution of both the FLSA Action and the Civil Rights Action;

5. Hold Appellee in contempt when it engages in disobedient conducts;

---

[1] Appellant will expand on this issue in his brief.

6. Appoint a pro bono attorney to represent Appellant in all proceedings pertaining to the instant matter, including post-judgment proceedings.

Respectfully submitted on April 2, 2015

By:        Hicham Azkour, pro se

_____

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  4-1-15
```

HICHAM AZKOUR,

                              Plaintiff,

        -v-

LITTLE REST TWELVE,

                              Defendant.

No. 10-cv-4132 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

        The Court is in receipt of numerous letters from Plaintiff requesting that the Court order the satisfaction of the Judgment (Doc. No. 318) in the amount of $20,128.32 or compel damages-related discovery relating to Defendant's assets.  (*See* Doc. Nos. 322, 327, 329, 331, 333, 334.) The Court is also in receipt of the attached letter from Defendant, dated March 26, 2015, requesting that "in lieu of posting an appeal bond defendant be allowed to deposit 111% ($22,343.00) of the judgment amount in the Court Registry," and a second letter from Defendant, dated March 27, 2015, asserting that because a new trial – at which the entire damages award could be obviated – may be necessary if Plaintiff prevails on appeal, the Court should stay execution of the Judgment (Doc. No. 332).  The Court notes that while Plaintiff filed a notice of appeal on February 17, 2015 (Doc. No. 319), Defendant has not filed any notice of appeal and its time to do so has passed.

        Defendant has offered no support for the proposition that an appell*ee* may obtain a stay of the judgment pending appeal when the appellee did not itself appeal the judgment, and the Court is not aware of any.  Indeed, Federal Rule of Civil Procedure 62(d) – the provision of the Federal Rules pertaining to staying the enforcement of a judgment pending appeal – specifies that "the

*appellant* may obtain a stay by supersedeas bond." Fed. R. Civ. P. 62(d) (emphasis added). There is no dispute that Defendant is not an appellant here.   Accordingly, IT IS HEREBY ORDERED THAT Defendant's motion for a stay of the Judgment pending appeal – whether through appeal bond or through a deposit in the Court Registry – is DENIED.

SO ORDERED.

Dated:        April 1, 2015
              New York, New York

                                        RICHARD J. SULLIVAN
                                        UNITED STATES DISTRICT JUDGE

2

A copy of this Order has been sent to:

Hicham.azkour@gmail.com

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF NEW YORK

---

**HICHAM AZKOUR**,

*Plaintiff,*

*v.*                                 **Civil Action No. 10-CV-4132 (RJS)**

**LITTLE REST TWELVE, INC.**

*Defendants.*

---

### PLAINTIFF'S MOTION FOR RECONSIDERATION
### In re: **Docket Entry No. 335**

---

HICHAM AZKOUR, pro se

93 Pitt Street, Apt. 3B

New York, New York 10002


Telephone: (917) 859-6550

Email: hicham.azkour@gmail.com

1

On April 1, 2015, this Court issued an Order denying Defendant's request to stay the Judgment at <u>Docket Entry No. 318</u>. *See* <u>Docket Entry No. 335</u>.

In addition to the reasons and arguments set forth below, Plaintiff respectfully seeks reconsideration of said Order because (1) the Court overlooked the controlling decisions governing its ancillary authority to *enforce* the Judgment, including those enumerated by Fed. R. Civ. P. 70; and (2) the Court's denial of Plaintiff's *multiple*[1] requests for a timely engagement in post-judgment proceedings is not only a flouting abuse of discretion, but it is also manifest injustice. *Schrader v. CSX Transp., Inc.*, <u>70 F.3d 255, 257 (2d Cir. 1995)</u>; *see also Eisemann v. Greene*, <u>204 F.3d 393, 395 n.2 (2d Cir. 2000)</u>. The present request for reconsideration is justified by "the need to correct clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, <u>956 F.2d 1245, 1255 (2d Cir. 1992)</u> (internal quotation marks omitted).

Although the aforementioned Order does not stay the Judgment and, conveniently, appears to *be strictly guided by the law*, it practically does not have any legal purpose or effect because (1) it does not Order Defendant to perform a specific act, i.e., immediate satisfaction of the Judgment; (2) it does not warn Defendant that if it fails to comply *within a time specified in the Order*, the Court may Order the act to be done—at this disobedient defendant's expense—by another person appointed by the court. Moreover,

---

[1] The Court seems to purposefully emphasize upon the multiplicity of Plaintiff's requests. *See* <u>Docket Entry No. 335 at page 1</u>. However, mere emphasis on their multiplicity, without fair and prompt resolution thereof, does not deprive them of legitimacy.

said Order does not indicate any readiness by this Court to hold Defendant in contempt for failure to obey its Orders. *See* Fed. R. Civ. P. 70(e).

The Court Order at <u>Docket Entry No. 335</u> is an act of appeasement. It is not an act to expedite, in all fairness, the administration of justice. No doubt, the Order does not compel Defendant to perform any act, whatsoever. Without more, it just denies its request for a stay. And despite the Court's denial of stay, Defendant may further engage in the usual pattern of its vindictive and compulsive acts of frustrating the enforcement of the Judgment. Therefore, the Order, by its passive nature, does not vindicate this Court's authority or effectuate its decrees. *See Dulce v. Dulce*, <u>233 F.3d 143, 146 (2d Cir. 2000)</u>; *see also Peacock v. Thomas*, <u>516 U.S. 349, 355, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996).</u>

Given the Order's passivity, it is normally expected that Defendant will find another way to vindictively frustrate the enforcement of the Judgment and cause more distractions. Indeed, as soon as this Court entered its Order on April 1, 2015, Defendant informed Plaintiff that he would file a motion with the Second Circuit appealing thus from said Order, apparently under Fed. R. App. P. 8.

First of all, any motion filed by Defendant with the Second Circuit, purportedly requesting stay pursuant to Rule 67(a) of the Federal Rules of Civil Procedure, will be denied. Fed. R. App. P. 8(a)(1)(B) is very specific and allows appeal *only* if the district court did not approve a *supersedeas* bond as defined by Fed. R. Civ. P. 62(d). Rule 67 does not apply in this context because it "is not intended to allow a party to deposit monies into court to avoid a breach of contract or create a fund to secure the satisfaction of *a prospective*

3

judgment."[2] *See Dinkins v. General Aniline & Film Corp.,* 214 F. Supp. 281, 283 (S.D.N.Y. 1963) (emphasis added). "The core purpose of Rule 67 is to relieve a party who holds a *contested fund* from responsibility for disbursement of that fund among those claiming some entitlement thereto."[3] *See Alstom Caribe, Inc. v. Geo. P. Reintjes Co., Inc.,* 484 F.3d 106, 113 (1st Cir. 2007) (emphasis added). This means, by extension, that a court should not grant a Rule 67 motion unless the assets to be deposited with that court are *in dispute. Id.* Moreover, the entitlement dispute must be live; that is, the dispute must be extant at the time the court is asked to grant the Rule 67 motion. *See Mfrs. Hanover Overseas Capital Corp. v. Southwire Co.,* 589 F.Supp. 214, 221 (S.D.N.Y.1984). Rule 67 exists to create a place to keep *disputed funds* safe until the dispute has been resolved and may not be used as "a means of altering the contractual relationships and *legal duties of each party.*" *See Prudential Ins. Co. v. BMC Indus.,* 630 F. Supp 1298, 1300 (S.D.N.Y. 1986) (emphasis added). The deposit of a sum of money into court is not to be used to circumvent the stringent prerequisites for *seizure or attachment of a defendant's assets. See Baxter v. United Forest Products Co., Inc.,* 406 F.2d 1120, 1127 (8 Cir.1969), *cert. den.* 394 U.S. 1018, 89 S.Ct. 1635, 23 L.Ed.2d 42 (1969).

Considering the argument set forth above and the facts underlying the present

---

[2] In his March 26 and 27, 2015 letters, Defendant, who did not appeal from the Judgment, argued that the Court should authorize a Rule 67 deposit because any prospective judgment would be less than what had been awarded to Plaintiff by this Court. In such a scenario, where a new trial is predicted, Defendant would not be able to recoup any monies disbursed as the result of an undue satisfaction of the Judgment.

[3] Obviously, the parties do not dispute the amount of the Judgment. Moreover, they do not appeal from the Judgment.

action, Defendant has distinctly failed and will fail to prove that Rule 67 is applicable herein.

Moreover, Defendant cannot claim that this Court, as a matter of discretion under Fed. R. Civ. P. 62(d), can waive *supersedeas* bond in the absence of a timely appeal. *See generally, Texaco, Inc. v. Pennzoil Co.,* 784 F.2d 1133, 1154 (2d Cir. 1986), *rev'd on other grounds,* 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987); *Morgan Guaranty Trust Co. Of New York v. Republic of Palau,* 702 F.Supp. 60, 65 (S.D.N.Y. 1988); *Trans World Airlines, Inc. v. Hughes,* 314 F.Supp. 94, 96 (S.D.N.Y.1970).

The record shows that Defendant did not timely request stay of the Judgment from this Court pursuant to Fed. R. Civ. P. 62(d). Nor did it timely seek approval or waiver of a *supersedeas* bond from this Court. *See* Fed. R. App. P. 8(a)(1)(B)[4]. Therefore, the Second Circuit cannot entertain any motion brought by Defendant pursuant to Fed. R. App. P. 8. And even if the Second Circuit decides to review Defendant's patently malicious motion, it will be denied as well. Denial will be supported by Defendant's failure to meet the requirements set by the Second Circuit and the U.S. Supreme Court with respect to the district courts' discretion in granting stay without bond.

Prior to discussing those requirements, let us first explain to Defendant, which is not an *appellant in the instant matter,* the purpose of a *supersedeas* bond.

---

[4] Fed. R. App. P. 8(a)(1)(B) preconditions any appeal to the Second Circuit from a denial of a stay of judgment.

A *supersedeas* bond serves three main purposes: first, it permits the appellant to appeal without risking satisfying the judgment prior to appeal and then being unable to obtain a refund from the appellee after the judgment is reversed on appeal; second, it protects the appellee against the risk that the appellant could satisfy the judgment prior to the appeal but is unable to satisfy the judgment after appeal; and third, it provides a guarantee that the appellee can recover from the appellant the damages caused by the delay incident to the appeal, that is, the bond guarantees that the appellee can recover the interest that accrues on the judgment during appeal, guarantees that the appellant will satisfy the judgment plus interest and costs if it is affirmed on appeal. *See United States v. Mansion House Center Redev. Co.,* 682 F.Supp. 446, 449 n. 5 (E.D. Mo.1988); *see also Poplar Grove Planting and Refing Co., Inc. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1190-91 (5th Cir.1979).

Based on this definition, it is undisputed that without a timely notice of appeal *and* without posting bond under Fed. R. Civ. P. 62(d), the Second Circuit will conclude that Defendant is likewise not entitled to a stay. In the familiar formula of the United States Supreme Court, determination of whether an appellant is entitled to a stay under Rule 62(d) requires the court to assess: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *See Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987). If an appellant qualifies for a stay under this four-part test, the district court has some discretion to dispense with the further requirement of a bond. *See Morgan Guaranty,* 702

F.Supp. at 65.

Here, without conducting a comprehensive inquiry, Defendant readily fails the four-part test. Simply put, Defendant fails because it did not timely appeal from the Court Order at Docket Entry No. 318. Pertinently, Defendant's request for a stay is rather an attempt to meet the third requirement *only*; that is, *the requirement* to further injure Plaintiff.

As this Court stated in its Order, "[d]efendant has offered no support for the proposition that an appellee may obtain a stay of the judgment pending appeal when the appellee did not itself appeal the judgment, and the Court is not aware of any." Such statement, however, does not address Plaintiff's multiple requests to engage in the post-judgment proceedings to which he is entitled. Neither does it extrapolate on the need to enforce the Judgment by the means available to the Court. In the absence of an immediate satisfaction of the Judgment and an Order authorizing Plaintiff to compel the disclosure and attachment of Defendant's assets, Plaintiff will have no other option but to complain again to the Second Circuit and demand that Defendant immediately satisfy the Judgment and unconditionally cooperate with him in post-judgment discovery.

**WHEREFORE**, considering Defendant's disobedient and suspicious conduct, Plaintiff respectfully requests that this Court reconsider its Order and

1. Order Plaintiff to promptly satisfy the Judgment at Docket Entry No. 318;
2. Issue process and authorize Plaintiff to serve such process upon Defendant to compel full and transparent disclosure of its assets;

3. Issue a writ of attachment pursuant to Fed. R. Civ. P. 70;

4. Hold Defendant in contempt if it disobeys this Court Order; and

5. Appoint a pro bono attorney to represent Plaintiff in post-judgment proceedings and any other proceedings pending and subsequent to the present appeal.

Respectfully submitted on April 2, 2015.

By:     Hicham Azkour, pro se

_____

8

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

HICHAM AZKOUR
_____ v.

NEW YORK, NEW YORK 10002

TEL: (917) 859-6550

**CERTIFICATE OF SERVICE**
Docket Number: 15-475 _____

I, HICHAM AZKOUR _____, hereby certify under penalty of perjury that on
_____(name)_____

February 27, 2015 _____, I served a copy of _____
_____(date)_____

EXPEDITED AND RENEWED FRAP 23 PETITION TO ISSUE A WRIT OF MANDAMUS
_____
(list all documents)

by (select all applicable)*

- [x] United States Mail
- [x] Federal Express
- [x] Overnight Mail
- [x] Facsimile
- [ ] E-mail
- [ ] Hand delivery

on the following parties (complete all information and add additional pages as necessary):

| Andrew S. Hoffmann, Esq. | 450 7th Ave., Suite 1400 | New York | NY | 10123 |
|---|---|---|---|---|
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |

APRIL 2, 2015
_____          _____
Today's Date                                    Signature

*If different methods of service have been used on different parties, please indicate on a separate page, the type of service used for each respective party.

Certificate of Service Form