UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-20-15
```

HICHAM AZKOUR,

                Plaintiff,

-v-

LITTLE REST TWELVE,

                Defendant.

No. 10-cv-4132 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    The Court is in receipt of a "motion for reconsideration" of the Court's April 1, 2015 Order from Plaintiff, requesting that the Court issue a writ of attachment pursuant to Federal Rule of Civil Procedure 70 and order Defendant to promptly satisfy the judgment (Doc. No. 337), and a second letter from Plaintiff, dated April 14, 2015, requesting the same relief (Doc. No. 338). The Court notes that on February 17, 2015, judgment was entered in favor of Plaintiff in the amount of $20,128.32. (Doc. No. 318). On April 1, 2015, the Court issued an Order denying Defendant's motion for a stay of the judgment. (Doc. No. 335.) On April 8, 2015, Defendant filed a motion to the Second Circuit to stay the judgment pending appeal pursuant to Federal Rule of Appellate Procedure 8(a)(2). (*See Azkour v. Little Rest Twelve, Inc.*, No. 15-475, Doc. Nos. 42–43 (2d. Cir.).

    Under Federal Rule of Appellate Procedure 8, a party seeking to stay a judgment or order of the district court pending appeal must first make such application to the district court. Fed. R. App. P. 8(a). If the district court denies the relief sought, the party seeking a stay may then make a motion in the court of appeals. *Id.* Defendant has properly followed this procedure here, and a motion for a stay is now pending in front of the Second Circuit. As a result,

Plaintiff's letter asks the Court to preempt a Second Circuit ruling on a properly filed motion for a stay. Obviously the Court lacks jurisdiction to compel Defendant to satisfy the judgment while a motion remains pending in the Second Circuit to stay that very same judgment. *Cf. Negron v. United States*, 394 F. App'x 788, 792 (2d Cir. 2010) ("[I]t is well-established that '[t]he filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over *those aspects of the case involved in the appeal.*'" (emphasis added) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982))). Accordingly, IT IS HEREBY ORDERED THAT Plaintiff's request for an order compelling Defendant to satisfy the judgment and for a writ of attachment pursuant to Federal Rule of Civil Procedure 70 is DENIED.

SO ORDERED.

Dated:    April 20, 2015
          New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

A copy of this Order has been sent to:

Hicham.azkour@gmail.com